### WILLIAM HECKLE *vs.* JAMES T. LURVEY & wife.

A wife is liable, in an action brought against her and her husband jointly, for converting to her personal use wearing apparel stolen from the plaintiff and sold and delivered by the thief to her in her husband's absence.

TORT for the conversion of millinery.   In the superior court, the case was referred to an auditor, who found that articles of millinery, of the value of $578, were taken from the plaintiff's shop by Joseph Morss without the plaintiff's authority or knowledge, and delivered to Mrs. Lurvey, who had reasonable cause to believe that they were so taken ; that she had not paid for the goods, or any part of them ; and that before beginning his action the plaintiff made demand for the goods on her and her husband.

At the trial, before *Devens*, J., it was agreed that the plaintiff employed Morss in his shop ; and that, soon afterwards, the defendants were shown millinery there by Morss, and Mrs. Lurvey bought and paid for a few articles.   The plaintiff introduced the report of the auditor, and other evidence which tended to show that the articles described in the writ were taken from his shop by Morss feloniously, and delivered to Mrs. Lurvey at the defendants' house in Melrose ; and rested his case.   Mr. Lurvey then testified, in defence, without objection, that his wife " had no business of her own, and never had had any ; that she acted for years as his agent in obtaining most of the provisions for his family, and paid for them with his money, and always acted as his agent in getting the wearing apparel for herself and their daughter ; that all of those goods charged in the writ which came into her possession she got by his order and direction ; and

that she obtained them for wearing apparel for herself and their daughter."

The judge instructed the jury " that this action might be maintained against the female defendant for the value of the articles in question, if they were stolen by Morss from the plaintiff, and were delivered to the possession of the female defendant, the husband not being present, and were demanded of her and her husband before the writ was served, and in the absence of any proof that they had passed out of the possession and control of the wife at the time of the demand; even if the husband ordered the wife to obtain them as wearing apparel for herself and daughter, and the articles were wearing apparel." The jury found for the plaintiff; and Mrs. Lurvey alleged exceptions.

*L. W. Osgood,* for Mrs. Lurvey.

*N. B. Bryant & J. B. Lord,* for the plaintiff.

CHAPMAN, C. J. 1. The principle is well settled, that, when a thief sells chattels, even to an honest purchaser, no title passes, and the owner may maintain an action for the property without a previous demand. *Dame* v. *Baldwin,* 8 Mass. 518. *Stanley* v. *Gaylord,* 1 Cush. 536. *Riley* v. *Boston Water Power Co.* 11 Cush. 11. *Chapman* v. *Cole,* 12 Gray, 141. *Gilmore* v. *Newton,* 9 Allen, 171.

2. There is no legal presumption that acts done by a wife in her husband's absence are done under his coercion or control. Indeed, if she, in his absence, does a criminal act even by his order or procurement, her coverture will be no defence. *Commonwealth* v. *Butler,* 1 Allen, 4. *Commonwealth* v. *Feeney,* 13 Allen, 560.

3. For her torts and trespasses during coverture the action must at common law be joint against them both. Bac. Ab. Baron and Feme, L. An action of trover may be maintained against them jointly for the conversion of goods. *Draper* v. *Fulkes,* Yelv. 166, and Am. notes. *Keyworth* v. *Hill,* 3 B. & Ald. 685.

These principles are decisive of the present case. The goods were stolen by Morss from the plaintiff, and sold to the wife in

the absence of the husband. She converted them to her personal use as articles of dress, and a demand by the plaintiff was unnecessary.

The instruction excepted to applying only to the liability of the wife, and no question being made as to the liability of the husband, we have no occasion to discuss the operation of our recent statutes upon a case of this character.

*Exceptions overruled.*