STEPHEN L. TUTTLE v. T. STEWART WHITE ET AL.

*Damages for conversion of logs—Title to personalty.*

The measure of damages in trover for the conversion of logs purchased in good faith from willful trespassers who have put them afloat, is their value when first taken under defendant's control.

The purchaser of personalty runs the risk of the title, and if he buys from one who cannot give title he must suffer the loss and look to his vendor.

Error to Kent.   Submitted June 29.   Decided July 1.

TROVER.   Plaintiff brings error.   Reversed.

*C. G. & W. W. Hyde* for plaintiff in error.   Purchasers in good faith but from a trespasser are liable in trover for the value of the goods where sold: *Nesbitt v. St. Paul Lumber Co.* 21 Minn. 491; *Final v. Backus* 18 Mich. 218; *Grant v. Smith* 26 Mich. 201; plaintiff can always recover the value of the goods when first taken: *Symes v. Oliver* 13 Mich. 9; *Ripley v. Davis* 15 Mich. 75; but where logs are converted, the measure of damages in Wisconsin is the highest market value before trial: *Webster v. Moe* 35 Wis. 75.

*J. C. Fitzgerald* for defendant in error.   Trover for cutting and carrying away timber lies only where the possession and title is not held adversely: 1 Chitt. Pl. 167; *Mather v. Trinity Church* 3 S. & R. 509: and where the owner follows the timber into the hands of innocent parties, he waives his claim for more than the actual damages

which was their value at the time and place of conversion:
*Railway Co. v. Hutchins* 32 Ohio St. 584; *Allison v.
Chandler* 11 Mich. 542; *Warren v. Cole* 15 Mich. 265;
*Daily Post Co. v. McArthur* 16 Mich. 447; *Justice v.
Mendell* 14 B. Mon. 12; *Forsyth v. Wells* 41 Penn. St.
291; *Hill v. Canfield* 56 Penn. St. 454; *Wood v. More-
wood* 3 Ad. & El. (N. S.) 440; *Reid v. Fairbanks* 4 J.
Scott 729; *Weymouth v. Chic. & N. W. Ry.* 17 Wis. 550;
*Moody v. Whitney* 38 Me. 174; *Hyde v. Cookson* 21 Barb.
92; *Baker v. Drake* 53 N. Y. 211; *Heard v. James* 49
Miss. 236; *Riddle v. Driver* 12 Ala. 590; *Dresser Mnfg.
Co. v. Waterston* 3 Met. 9; *Baldwin v. Porter* 12 Conn.
484; *Wetherbee v. Green* 22 Mich. 314; *Ege v. Kille* 84
Penn. St. 339; *United Merthyr Collieries Co.* L. R. 15 Eq.
Cas. 46: 5 Eng. 707; *McLean County Coal Co. v. Long*
81 Ill. 359; *Herdic v. Young* 55 Penn. St. 176.

MARSTON, C. J.   The action in this case was trover.   The
defendants purchased the logs in question from Sheridan &
Hamilton, who cut them upon plaintiff's lands, and who
were unquestionably trespassers in so doing.   They, Sheri-
dan & Hamilton, made no claim or pretence of having cut
the logs under circumstances tending even to show good
faith on their part.   Sheridan & Hamilton sold the logs to
defendants, afloat in Black creek.   It was claimed, and we
shall so assume, that defendants in making the purchase
acted in entire good faith; they afterwards run the logs
into Flat river and there sold them at an advanced price.
The material question relates to the rule laid down as to
the proper measure of damages.   The court charged the
jury in substance, that if the defendants in purchasing these
logs acted in good faith, the rule would be either the value
of the logs where they were cut on the ground, with the
addition of any profit there might be in handling them and
bringing them to Flat river, or the value at Flat River
deducting the cost of bringing them there.

We are of opinion that the facts in this case did not warrant
the charge as thus given   These defendants purchased from

trespassers, and if they acted in good faith in so doing, all they could ask would be protection in what they should expend in money or labor thereon thereafter. A person however in purchasing personal property runs his risk as to the title he is acquiring, and if he is unfortunate enough to purchase from a trespasser or one who has no title and can give none, he must suffer the loss or look to his vendor. To hold otherwise would be to give the trespassers the benefit of their own wrong, contrary to all the authorities. If these defendants had only made a partial payment for the logs under their contract of purchase, and the plaintiff herein was limited in his recovery to the value of the logs when first severed from the land, then defendants would be the gainers; they would have the benefit of the trespasser's labor, and yet the latter could not maintain an action to recover the amount thereof, or the balance of the contract price. The conversion by these defendants took place when they first took charge or control over these logs in Black creek, and they should respond in damages according to the value at that time. The same reasons do not exist in this case to protect these defendants that did in *Winchester v. Craig* 33 Mich. 210, and *Wetherbee v. Geeen* 22 Mich. 311.

There are very many cases where the value of the timber standing, or when first severed from the soil, would be but nominal, and to give willful trespassers, or those to whom they may sell, the benefit of any increased value put upon it by the original wrong-doer, and confine the owner to the nominal value, would but encourage the commission of acts of trespass, and tend to make purchasers at least careless as to the title they were acquiring. It is easy for any one to claim that he has purchased property in entire good faith, and very difficult in many cases to establish the contrary, and if one claiming to be such, is protected to the extent of the increased value he may have in good faith added to the property, this is all he can fairly claim under the law. This rule in effect was held in *Isle Royale Mining Co. v. Hertin* 37 Mich. 332, and much that was there said is equally applicable in the present case. We have not

overlooked the case relied upon, among others cited, of *Railway Co. v. Hutchins* 32 Ohio St. 584. We have heretofore had occasion to examine the many cases there cited, and they do not lead us to any conclusion other than the one here arrived at.

We are of opinion that the judgment should be reversed with costs and a new trial ordered.

The other Justices concurred.