No. 1,905.

FORT ET AL. *v.* WELLS.

CONVERSION.—*Selling and Buying Stolen Property.—Liability of Broker.*—Brokers who, in good faith, for a commission, sell stolen cattle for a thief, and brokers acting on commission in good faith for the buyers, are liable to the true owner as for a conversion.

From the Marion Superior Court.

*Kealing & Hugg* and *E. E. Stevenson*, for appellants.

*S. Ashby*, for appellee.

DAVIS, J.—The appellee, Oliver Wells, brought this action, September 18, 1893, in the Marion Superior Court, against the appellants John W. Fort, William M. Johnston, E. Nathan Wilkinson, Thomas B. Wilkinson, partners under the firm name of Fort, Johnston & Co. (by which firm name said appellants will be called in this opinion), and the appellants Thomas A. Jeffrey, Alonzo Powell and John Powell doing business under the firm name and style of Jeffrey, Powell & Co. (by which firm name said appellants will be called in this opinion), for the wrongful and unlawful conversion of thirteen head of two year old steers.

Fort, Johnson & Co. were general commission salesmen of live stock. Jeffrey, Powell & Co. were cattle dealers engaged in buying stock for others. It appears that a man under the assumed name of J. W. French, on or about August 8, 1893, stole the cattle from the appellee and drove them to the Union Stock Yards at West Indianapolis. Fort, Johnston & Co., acting as commission merchants for him in the sale, sold the cattle to Jeffrey, Powell & Co., acting as commission mer-

chants in the purchase for parties in Pennsylvania. Fort, Johnston & Co., at the time of the sale, paid said French by their firm check, $452.86, for the cattle. Afterwards on the same day or next, Jeffrey, Powell & Co. paid Fort, Johnston & Co. by their firm check, $461.96, for the cattle. The commission of Fort, Johnston & Co. for making the sale was $6.50. The other expenses appear to have been $2.60. Jeffrey, Powell & Co. shipped the cattle to the parties in Pennsylvania, for whom they purchased them, who afterwards paid said firm the purchase price for the cattle, together with a commission at the rate of $10 a car for buying the cattle.

Judgment was rendered against all of said appellants.

Each of said firms has separately assigned as error that the court erred in overruling the motion of said appellants for a new trial.

The reasons assigned in the motion for a new trial are:

1. That the verdict of the jury is not sustained by sufficient evidence.

2. That the verdict of the jury is contrary to law.

3. The admission by the trial court of hearsay evidence on the part of the appellee.

Fort, Johnston & Co. in their separate motion also assign the additional reasons:

1. That the damages assessed by the jury are excessive.

2. That the court erred in giving certain instructions.

3. That the court erred in refusing to give certain instructions.

The appellee contends that under the decision in *DeHart* v. *Board, etc.,* 143 Ind, 363, the evidence is not in the record.

The assignment of errors does not contain the names

of the appellants in full. The Christian names of two of the appellants are omitted. *Brown* v. *Trexler*, 132 Ind. 106.

Waiving these questions, however, and assuming that the evidence is in the record, we have read the evidence in the light of the argument of counsel for appellants.

We are satisfied that if the appellee was entitled to recover, the damages assessed are not excessive; that there was no error in either the giving or the refusal of instructions, and that the admission of the alleged hearsay testimony was in any event harmless.

The only meritorious question presented on this appeal, in the view we take of the case, is whether the appellants Fort, Johnston & Co., who acted as brokers in selling the cattle for French, and paid to him the proceeds with no knowledge that he had stolen them, and whether the appellants Jeffrey, Powell & Co., who acted as brokers in buying the cattle for other parties to whom they shipped them, are liable for the conversion of the cattle to appellee.

In *Alexander* v. *Schwackhamer*, 105 Ind. 81, the Supreme Court, by Judge Mitchell, quotes with approval from *Hills* v. *Snell*, 104 Mass. 173, as follows: "'Even an auctioneer or broker, who sells property for one who has no title, and pays over to his principal the proceeds, with no knowledge of the defect of title or want of authority, is held to be liable for its conversion to the real owner." *Schearer* v. *Evans*, 89 Ind. 400; *Breckenridge* v. *McAfee*, 54 Ind. 141; *Hollins* v. *Fowler*, L. R. 7 H. L. Cas. 575.

It is clear that Fort, Johnston & Co. acted in good faith in selling appellee's cattle for the thief, and that Jeffrey, Powell & Co. acted in good faith in buying the cattle for and shipping them to parties in Pennsylvania.

Each of said firms received a broker's commission and not a trade profit on the transaction.

In a recent case we quoted with approval from *Laverty* v. *Snethen*, 68 N. Y. 522, the following : "The question of good faith is not involved. . A wrongful intent is not an essential element of the conversion.  It is sufficient if the owner has been deprived of his property by the act of another assuming an unauthorized dominion and control over it." *Kidder* v. *Biddle*, 13 Ind. App. 653.

The ignorance of appellants as to the rights of the appellee was not occasioned by anything said or done by the appellee.  The appellants, by their acts, assumed an unauthorized dominion and control over the appellee's cattle.  The fact that they were acting for others cannot avail them.  *Kidder* v. *Biddle, supra.*

There is no error in the record.

Judgment affirmed.

Filed March 6, 1896.