BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

### MARCH TERM, 1899.

---

E. B. BRUCE, Respondent, v. A. A. BOMBECK et ux., Appellants.

#### Kansas City Court of Appeals, March 6, 1899.

1. **Husband and Wife:** WIFE'S TORTS: JOINT AND SEVERAL LIABILITY FOR. At common law the liability for the wife's torts is thus stated:
   - (1) If the tort is committed in the husband's presence with nothing more appearing, it is his sole tort.
   - (2) If it is committed in his presence, but the wife acts deliberately and freely, it is their joint tort.
   - (3) If it is committed in his presence and against his will, it is her tort and he is liable with her.
   - (4) If committed out of his presence and by his direction, she is jointly liable with him.
   - (5) If committed out of his presence and without his knowledge or consent, he is liable with her.

2. ———: ———: HUSBAND'S LIABILITY: DEFENSE: ANSWER. A husband's consent to or direction of the wife's tort is a matter of defense and should be set up in the wife's answer and proved as other defenses, and the petition need not state that the tort was without such consent.

3. ———: ———: COMMON LAW: MARRIED WOMAN'S ACT. The husband's common law liability for the torts of his wife remain unaffected by the Missouri married woman's act.

(231)

4. ———: WAIVER OF INCOMPETENT EVIDENCE: DECLARATION. Where certain declarations of a party have been admitted without objection, objections to similar declarations come too late. But in an action against a husband and wife for the wife's tort, the declaration of the husband against his interest is admissible.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

RIEGER & DAY for appellants.

(1) A wife is not liable unless the tort is committed, first, out of the presence of her husband, and second, without his order or consent. Shouler's Dom. Rel. [2 Ed.], pp. 102, 103; Alexander v. Lydick, 80 Mo. 341; Flesh v. Lindsay, 115 Mo. 1, 13, 14. (2) The failure to allege the commission of a tort by Mary Bombeck, without the knowledge or consent of her husband and codefendant, being insufficient as to her, and there being no allegation in the petition charging the husband as joint tort feasor, it is likewise insufficient as to him. Dailey v. Houston, 58 Mo. 361, 368. (3) The husband is no longer liable for the torts *simpliciter*, of the wife, when committed by her alone. A remedial or enlarging statute, does not come within the rule, that statutes in derogation of the common law must be strictly construed, but on the other hand should have a fair, if not liberal construction. Rozelle v. Harmon, 103 Mo. 339, 343; Oster v. Rabeneau, 46 Mo. 595. This doctrine is properly applied to married women's acts. White v. Zane, 10 Mich. 333; Harmon v. Madden, 10 Bush. (Ky.) 664; Martin v. Robson, 65 Ill. 129. (4) The common law status of the wife *femme covert*, being changed by statute to one of *sui juris* the reason of the rule which made the husband answerable for her acts has ceased to exist. "When the reason of the law ceases so does the law itself" (4 Coke, 38), and in interpreting the acts of the legislature, they are never presumed to intend what is contrary to reason or justice. Martin v. Robson, 65

Ill. 129; Culmer v. Wilson, 44 Pac. Rep. 833; Norris v. Cork-
ill, 32 Kan. 409. (5) The statements or admissions of de-
fendant, A. A. Bombeck, made in the absence of his wife,
could not in any event bind her (White v. Ingram, 110 Mo.
474), and the husband, not being charged as joint tort feasor,
his statements were not part of the *res gestae;* and for a similar
reason, they being statements made, if at all, by Mrs. Bombeck
to her husband and by him communicated to the witnesses,
were merely hearsay evidence and incompetent for any pur-
pose.

JOHN MUCKLE, S. S. WINN and C. J. BOWER for respond-
ent.

(1) The petition states a good cause of action. Defend-
ants were properly joined. 9 Am. and Eng. Ency. of Law,
pp. 823, 824, and authorities cited; Stewart on Husband and
Wife, sec. 66, and authorities cited; Clark v. Bayer, 32 Ohio
St. 299, 311; Wright v. Leonard, 11 C. B. (N. S) 258, 266;
Keyworth v. Hill, 3 B. & A. 685; Barns v. Harris, Busbee, 15;
1 Bishop on Laws of Married Women, secs. 42, 43; Vol. 2,
secs. 255, 256; Cassin v. Delaney, 38 N. Y. 178, 179; Handy
v. Foley, 121 Mass. 259, 261; Heckle v. Lurvey, 101 Mass.
344; Cooley on Torts [2 Ed.], p. 132; Hildreth v. Camp, 41
N. J. L. 306. (2) The authorities cited by appellants' attor-
neys do not, any of them, support their contention that the
petition should have alleged that Mrs. Bombeck, committed
the tort "without the knowledge or consent of her husband."
Dailey v. Houston, 58 Mo. 361; R. S. 1889, secs. 2096, 2097,
2098, 2100; Quick v. Miller, 103 Pa. St. 67. (3) Mr. Bom-
beck is liable for this tort committed by his wife about fifteen
days before the married woman's enabling act of 1889 took
effect. Authorities cited under division 1. Dailey v. Houston,
58 Mo. 361; Alexander v. Lydick, 80 Mo. 346; Merrill v. St.
Louis, 83 Mo. 244, 255; Flesh v. Lindsay, 115 Mo. 1, 16; Wirt
v. Dinan, 44 Mo. App. 583; Cooley on Torts, 115; Schouler

Dom. Rel. 102, 103. (4) The husband's liability for his wife's torts, as at common law, still exists in this state, and has not been abrogated by the Married Woman's Property Acts or the Married Woman's Enabling Act of 1889 (sec. 6864, R. S. 1889). R. S. 1889, sec. 6561; 9 Am. and Eng. Ency. of Law, pp. 823, 824, 825; Stewart on Husband and Wife, sec. 66; Morgan v. Kennedy, 64 N. W. Rep. (Minn.) 912; Mangam v. Peck, 111 N. Y. 401, 403; Fitzgerald v. Quann, 109 N. Y. 441; Kowing v. Manley, 57 Barb. 479; Quick v. Miller, 103 Pa. St. 67; Choen v. Porter, 66 Ind. 195; Ferguson v. Brooks, 67 Me. 251; McElfresh v. Kirkendall, 36 Iowa, 224; Zeliff v. Jennings, 61 Tex. 458; Morgan v. Kennedy, 64 N. W. Rep. (Minn.) 916; Flesh v. Lindsay, 115 Mo. 1, 19; Wirt v. Dinan, 44 Mo. App. 583, 590. Statutes removing disabilities of married women can not be considered as enlarging or modifying the liabilities of husbands. White v. Wager, 25 N. Y. 332, 333; Perkins v. Perkins, 62 Barb. 531; Ritter v. Ritter, 31 Pa. St. 396; Bear's Adm'r v. Bear, 33 Pa. St. 527; Pettel v. Fritz, 33 Pa. St. 118; Diver v. Diver, 56 Pa. St. 100; Schultz v. Schultz, 89 Barb. 644.

GILL, J.—In this action plaintiff sues to recover of defendants, who are husband and wife, the damages caused by the wife negligently driving a horse and buggy over the plaintiff on one of the streets of Kansas City. The street is known as the Southwest Boulevard, is of unusual width being sixty feet from curb to curb, and has in the center some street car tracks. The driveway on each side of the street car line is twenty-three feet in width. While driving southwest plaintiff stopped his own horse and buggy on the north side of the street and at the curb line, and was engaged in a conversation with a friend on the sidewalk. While the plaintiff was so engaged, Mrs Bombeck came down the boulevard from the northeast, driving at a rapid gait, and before plaintiff could get out of the way, he

was run into by the lady's vehicle, his buggy overturned and he badly injured.

Plaintiff's evidence tended to prove that Mrs. Bombeck's horse was an animal of considerable speed and had been used by her husband for racing purposes; that he was however docile and easily handled. That she was at the time racing with two men in another buggy. Mrs. Bombeck, however, claimed that she was not racing, but that just before she got to plaintiff the two men drove rapidly up behind her and so freightened her horse that he became unmanageable; that she made every effort to avoid the collision but failed.

Plaintiff pleaded and proved a Kansas City ordinance prohibiting fast and careless driving along its streets.

At the close of the evidence, the issues were submitted to a jury, resulting in a finding and judgment in plaintiff's favor for $1,500 and defendants have appealed.

I.    The first point made in defendants' brief relates to the sufficiency of the petition. It alleges that the tort was committed by the wife out of the presence of the husband, but it is insisted that the pleader should have also alleged that the wrong was inflicted without the husband's consent or direction. The allegation, the absence of which is complained of, was unnecessary. For if it be conceded that the wife committed the tort in the absence of her husband, she is jointly liable with him for the resulting damages, whether or not he consented thereto or directed the same. The common law doctrine in such cases is thus stated in the books:

HUSBAND and wife: wife's torts: joint and several liability for.

(1)    If the tort is committed in the husband's presence, and nothing more appears, it is his sole tort, as the wife is presumed to have acted under his coercion.   (2)   If the tort is committed in his presence, but she appears to have acted deliberately and freely, it is their joint tort. (3)   If the tort is committed in his presence and against his will, it is her tort, and he is liable with her.   (4)   If the tort is committed out

of his presence, but by his direction, she is jointly liable with him. (5) If the tort is committed out of his presence and without his knowledge or consent, he is liable with her. 9 Am. and Eng. Ency. of Law, p. 823, and cases cited.

The wife can escape liability for torts committed by her only when she acts on the coercion of her husband. If he be present when the damage is inflicted, coercion is presumed; not so however when he is absent, for in that case the presumption is that his power to control her immediate action is wanting. Such presumptions however may be overthrown by evidence. Cooley on Torts, 115; Schouler's Dom. Rel. [3 Ed.], sec. 75.

"There is no legal presumption that acts done by a wife in her husband's absence are done under his coercion or control." Heckle v. Lurvey & Wife, 101 Mass. 344. The rule is thus pithily expressed in Hildreth v. Camp, 41 N. J. L. 306, 307: "The presence and command of the husband must concur to justify the exemption of the wife from the responsibility. An offense by his direction, but not in his presence, or in his presence but not by his direction, is not within the rule which gives immunity to her." To the same effect see Cassin v. Delany, 38 N. Y. 178.

If however the husband's consent or direction was a matter material in this case, it was clearly defensive in its nature and should have been set up in the wife's answer and proved as any other defense. Clark v. Bayer, 32 Ohio St. 299. In the light then of these authorities we hold that the petition is not subject to the objection urged. It stated every fact necessary to charge both defendants.

—:——: husband's liability: defense: answer.

II. Another and important question is presented by the briefs; and that is whether or not under our late statutes relating to the rights of married women (sections 6864, 6868, 6869, etc., Revised Statutes 1889), the common law rule before noticed making the husband liable for the torts of the wife,

Bruce v. Bombeck.

is still in force, that is, whether or not the effect

—: —: common law: married woman's act. of such legislation is to abrogate the common law doctrine? This point has been settled, and adversely to the contention of defendants' counsel, by a recent decision of the supreme court. Nichols v. Nichols, 48 S. W. Rep. loc. cit. 953. It is there held that the husband's liability for the torts of the wife remain unaffected by the legislation referred to.

Some other minor questions are suggested in defendants' brief, but they are unimportant and deserve only passing notice. As to the admissions or declarations of

—: waiver of incompetent evidence; declaration. defendant, A. A. Bombeck, made out of the presence of his wife and after the accident, and which the court allowed plaintiff to prove, it is sufficient to say that others of like import had been introduced by the consent of defendants, and if then those objected to were improper, defendants waived the error, if any there was. More than this, the statements of the husband, thus made, were admissible as declarations against his interest.

As to the court's rulings on instructions, we can discover no prejudicial error. They were exceedingly fair to defendants and correctly submitted every issue, substantial or otherwise, to the jury.

Finding no error in the record the judgment must be affirmed. All concur.