### DAVID BOULDEN *vs.* JOHN T. GOUGH.

*Trover—Property in Plaintiff—Right of Possession—Conversion—Title ; how Passed—Damages.*

1. To entitle the plaintiff to recover in an action of trover he must prove (1) property in himself and a right of possession at the time of conversion ; and (2) a conversion of the property by the defendant to his own use.

2. No one can convey a valid title to goods or personal property unless he be the owner or lawfully represents the owner. If personal property be wrongfully taken from the possession of a person who has at the time a general or special property therein, and delivered to another, no title passes thereby to the person to whom it is delivered, even if he be an innocent and *bona fide* purchaser for value ; because the seller in such case having no right or title to the property, can convey none to the purchaser.

3. The measure of damages is the value of the property with interest.

(*February 21, 1902.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Alexander B. Cooper* and *Walter H. Hayes* for plaintiff.

*William T. Lynam* for defendant.

Superior Court, New Castle County, February Term, 1902.

SUMMONS CASE IN TROVER (No. 99, May Term, 1900).

PENNEWILL, J., charging the jury :

Gentlemen of the jury :—This is an action of trover, which is a remedy to recover the value of personal property wrongfully converted by another to his own use.

The suit is brought by the plaintiff David Boulden against the defendant Joseph T. Gough for the recovery of the value of a lot of wheat which the plaintiff claims was his property, and which was on or about the twenty-sixth day of November, 1898, taken, with-

out his consent, by his former tenant, Joseph S. Petit, and delivered to the defendant, who converted the same to his own use. The plaintiff contends, as you have observed, that Petit gave him the said wheat in satisfaction of a certain debt of $430.29 which he the said Petit owed him, or in satisfaction of so much thereof as might be realized from the sale of the wheat; and that at the time Petit removed the wheat from the granary where it was stored, and delivered the same to the defendant, it belonged to, and was the property of the plaintiff. The plaintiff further contends that the quantity of wheat so taken and delivered to the defendant, and by the defendant converted to his own use, was about 475 bushels, the value whereof was at the time seventy cents per bushel.

The defendant on the other hand claims that he is not liable to the plaintiff for anything, because the wheat in controversy was not the property of the plaintiff at the time he bought it, but that the title thereto was at that time still in Petit, with whom he dealt and from whom he purchased.

To entitle the plaintiff to recover in an action of trover, two points are essential to be proved—(1) property in himself and a right of possession at the time of conversion, and (2) a conversion of the property by the defendant to his own use.

It is admitted, however, by the defendant that 404 bushels and ten pounds of the wheat in controversy were delivered to him by Petit at the time alleged by the plaintiff, and that its value was sixty-eight cents per bushel, that being the price he paid for it. It is also admitted by the defendant that he did convert that quantity of wheat to his own use, and without the consent of the plaintiff,—his defense being that the wheat at the time of its conversion was not the property of the plaintiff.

It is manifest, therefore, that the important question for you to determine from the evidence in this case is,—was the wheat, at the time of its conversion by the defendant, the property of the plaintiff.

No one can convey a valid title to goods or personal property unless he be the owner or lawfully represents the owner.

4

If personal property be wrongfully taken from the possession of a person who has at the time a general or special property therein, and delivered to another, no title passes thereby to the person to whom it is delivered, even if he an innocent and *bona fide* purchaser for value, because the seller in such case having no right or title to the property, can convey none to the purchaser.

If you believe from the preponderance, that is, the weight, of the evidence that the wheat in question belonged to, and was the property of the plaintiff at the time of its conversion by the defendant, your verdict should be for the plaintiff. If, however, you do not so believe, your verdict should be for the defendant.

If your verdict should be for the plaintiff, it should be for such a sum as you believe from the evidence to be the value of the wheat converted by the defendant, at the time of the conversion, with interest.

Verdict for defendant.