CHARLES HESSEN, Appellee, v. IOWA AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellant.

**INSURANCE: Insurable Interest—Stolen Articles.** The purchaser of
1   a stolen automobile has no insurable interest therein, within the
meaning of a policy which provides that it is void if the insured
be other than the *"unconditional and sole owner."*

**INSURANCE: Actions—Issues, Proof, and Variance.** An insured who
2   seeks recovery under a policy which specifically describes the insured article (1) by name and (2) by factory number may not
recover on proof of the loss of an article of the same *name*, but of
a different factory number.

**INSURANCE: Notice and Proof of Loss—Failure to Give.** An insured has the burden of proving compliance with the terms of a
3   policy requiring proofs of loss. In the absence of such proof, no
recovery may be had.

*Appeal from Woodbury District Court.*—MILES W. NEWBY,
Judge.

OCTOBER 24, 1922.

REHEARING DENIED FEBRUARY 6, 1923.

ACTION to recover on policy of insurance covering an automobile against theft. Verdict of the jury finding for plaintiff.
Defendant appeals.—*Reversed.*

*Jepson, Struble & Anderson,* for appellant.

*C. R. Jones,* for appellee.

DE GRAFF, J.—On the 13th day of October 1920 a policy
of insurance was issued by the defendant company to the plain-

tiff insuring against theft a certain Buick touring automobile, Model 1919, factory number 321311. The policy was issued for a term of one year and it is alleged by plaintiff that the automobile therein described was stolen on the 9th day of October, 1921 resulting in a loss to plaintiff in the sum of $1,350. The defendant in answer. *inter alia* alleged that the plaintiff never had an insurable interest in the automobile referred to in plaintiff's petition, and that he never owned or had an insurable interest in an automobile of the description set forth in the policy and, therefore, there was no liability under the policy. Defendant further denies that the plaintiff complied with the provisions of the policy in giving to the company a sworn statement of loss within 60 days from the date of loss and under the terms of the policy his claim is null and void.

Upon the conclusion of the testimony defendant moved for a directed verdict and again upon its motion for new trial urged the following primary propositions; (1) That the record is without dispute that the automobile claimed to have been owned by the plaintiff was a stolen automobile and the plaintiff did not and could not have acquired ownership thereof by reason of his purchase of the same from anyone other than the true owner and that at the time the policy of insurance issued plaintiff had no insurable interest in the automobile described in said policy. (2) That the property covered by the insurance policy is described as a Buick touring car, 1919 model, factory number 321311, whereas the proof in this case shows that he owned no car of any such description and this being an action at law the plaintiff can only recover on proof of the theft of the property set out and described in the policy and cannot recover upon proof of the loss or theft of any other property than that described. (3) That the record affirmatively shows that the plaintiff did not comply with all the conditions of the policy required to be done and performed by him as conditions precedent to his right to recover thereunder in that he did not prepare and file with the company the necessary proofs of loss containing the necessary data and facts as required by the terms of the policy.

I. An insurable interest is necessary to the validity of a policy regardless of its subject-matter. If no insurable interest

exists the contract is void, and no recovery can be had thereon

1. INSURANCE: insurable interest: stolen articles.

in case of loss either by the insured or his assignee and notes given for the premium upon such insurance are void for want of consideration. In the instant case the defendant tendered to plaintiff the premium paid on the policy and deposited same in the hands of the clerk of the district court for his benefit.

Did the insured have an insurable interest in the automobile described in the policy of insurance in suit? It is unnecessary to detail the evidence in relation to the history of the insured automobile. Sufficient to state our conclusion that the automobile when purchased and insured by the plaintiff was a stolen car. This is unmistakably shown by the evidence. By the terms of the contract of insurance it is provided that the entire policy shall be void if the interest of the insured in the property be other than "unconditional and sole ownership."

If a person has no interest, legal or equitable, in the thing insured it is viewed in law as a mere wager and the courts will not enforce such a contract. *Warren v. Davenport Fire Ins. Co.* 31 Iowa 464; *Bartling v. German Mut. L. & T. Ins. Co.* 154 Iowa 335. A person has no insurable interest in a thing where his only right arises under a contract which is void or unenforcible either at law or in equity.

Whatever interest plaintiff had in the insured property must have been derived under his contract of purchase. His vendor is not shown to have had anything more than the possession of a stolen car. Through his purchase plaintiff acquired no title and clearly never had such ownership as was required and defined by the terms of the policy. No one can convey a valid title to goods or chattels unless the vendor is the owner thereof or lawfully represents the owner. It is the duty of a vendee to determine whether he is securing good title to the thing purchased, and if title fails and loss ensues, the purchaser must look to his vendor. In general no one can transfer a better or higher title to a chattel than he himself has. *Boulden v. Gough,* 4 Pen. (Del.) 48 (54 Atl. 693); *Godwin v. Taenzer,* 122 Tenn. 101 (119 S. W. 1133); *Tuttle v. White,* 46 Mich. 485 (9 N. W. 528); *Turnbow v. Beckstead,* 25 Utah 468 (71 Pac. 1062).

The burden was upon the plaintiff to establish his insurable interest in the property described in the policy, and that burden required that he establish the interest which was defined in said policy. The recital of ownership is a valid provision, and by the very terms of the policy the insurance was void if the insured was other than the unconditional and sole owner. This the evidence failed to establish.

II.  This action is based on a definite contract and recovery is predicated on the allegations contained in plaintiff's petition. It is alleged that the policy of insurance covered a Buick touring automobile, Model 1919 with a factory number 321311. Plaintiff elected to recover upon a certain definitely described automobile and his proof fails to support his allegation. The only point of description or identification between the car described in the policy and the car which plaintiff had in his possession was the name. This is not sufficient. In such cases a plaintiff may bring his action in equity to have the written contract reformed in order that violence may not be done to the parol evidence rule and to prevent a variance between the pleading and the proofs. *Eggleston v. Council Bluffs Ins. Co.* 65 Iowa 308; *Martin v. Farmers' Ins. Co.* 84 Iowa 516; *Harris v. St. Paul F. & M. Ins. Co.* 126 N. Y. Supp. 118.

2. INSURANCE: actions: issues, proof, and variance.

It is essential that insurance policies identify the property which the insurance covers. The description in the instant policy is not ambiguous and plaintiff seeks a recovery on a particularly described car which the evidence fails to prove. This case deals with the application and the enforcement of a written contract and we cannot disregard principles which have heretofore been announced and applied in the interpretation and enforcement of written documents.

III.  The policy in suit provided that in the event of loss or damage the insured shall as soon as practicable give notice to the company or its authorized agent who issued the policy, and within 60 days thereafter unless time is extended in writing by the company render a statement to the company signed and sworn to by the insured stating the knowledge and belief of the insured as to the time and cause of the loss or damage. "Failure on

3. INSURANCE: notice and proof of loss: failure to give.

the part of the insured to render such sworn statement of loss to the company within sixty days from the date of the loss (unless such time is extended in writing by the company) shall render such claim null and void.''

This provision is in conformity to Section 1742-a Code Supplement 1913. There was no waiver pleaded or proved. ''The notice of loss and proof thereof required in Section 1742 hereof, and the notice and proof of loss under oath in case of insurance on personal property, shall be given within sixty days from the time loss occurred.'' Section 1744 Code Supplement 1913.

Plaintiff had the burden of proving a compliance by him of the terms of the policy and of the provisions of the statute and as alleged by him in his petition. It affirmatively appears from the record that plaintiff failed to meet this requirement and this is fatal. *Welsh v. Des Moines Ins. Co.* 71 Iowa 337; *Ervay v. Fire Assn.* 119 Iowa 304; *Mitchell v. Home Ins. Co.* 32 Iowa 421; *Heusinkveld v. St. Paul F. & M. Ins. Co.* 96 Iowa 224.

For the reasons indicated the judgment entered must be and is—*Reversed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.