### GEORGE T. PURNELL vs. JOHN FOOKS.

ACCESSION—ABSOLUTELY-SOLD PNEUMATIC TIRES AND WHEELS HELD TO BECOME PART OF TRUCK CONDITIONALLY SOLD BY SAME SELLER.

Where plaintiff conditionally sold defendant a solid tired truck, and by separate contract absolutely sold defendant additional pneumatic tired wheels, and on default in the truck contract plaintiff took possession of the truck, which was then equipped with the pneumatic tired wheels, and also took possession of the solid tired wheels which had been on the truck when originally sold, held, in action for the price of the pneumatic tired wheels, that defendant

could not set off the value of such wheels as retaken by plaintiff, since, under the rule of accession, such wheels and tires, when placed on the truck, became part of it, so that plaintiff in recovering possession of the truck was entitled to take it so equipped; but defendant could set off the value of the solid tired wheels, originally on the truck, which were replaced with the pneumatic tired wheels.

*(April* 10, 1923.)

Rice and Rodney, J. J., sitting.

*Daniel J. Layton* for plaintiff.
*Woodburn Martin* for defendant.

Superior Court for Sussex County, April Term, 1923.

Sums. case, No. 15, October Term, 1921.

The plaintiff sued to recover the value of two automobile truck wheels equipped with rims, pneumatic tires and tubes; he declared on the common counts. The defendant filed, among other pleas, a plea of set-off.

It appeared from the evidence that on the eighteenth day of September, 1920, the plaintiff sold to the defendant on a conditional sale contract an automobile truck, the wheels being equipped with solid rubber tires; that by a separate, verbal, absolute sale contract, on the same day, he also sold to the defendant two additional wheels equipped with rims, pneumatic tires and tubes, which were then put on the rear axle of said truck in place of the wheels on it at the time it was sold; that the defendant having failed to comply with his conditional sale contract of the truck, the plaintiff on the twenty-first day of December, 1920, took possession of the said truck, the rear axle being then equipped with the additional wheels, rims, pneumatic tires and tubes that had been sold by the plaintiff to the defendant on the eighteenth day of September, 1920, but not paid for; that at the time that the plaintiff repossessed himself of said truck, he also took possession of the solid rubber tire wheels which had been on its rear axle at the time of its sale to the defendant.

The plaintiff proved that the value of the new wheels, tires and tubes sold the defendant by the absolute contract of sale above referred to, was $211.30.

Over the objection of the plaintiff, and subject to his right to move to strike it out before the case was finally submitted to the jury, the defendant was permitted to prove that after the plaintiff took possession of the truck, under the conditional sale contract, he sold it as it was then equipped and that he also sold with said truck the wheels which were originally on its rear axle. The defendant also proved the value of such wheels.

Defendant's case was mainly based on the contention that as the plaintiff, in taking possession of the truck, has taken possession of the wheels equipped with pneumatic tires and tubes, sold to him on September 18, 1920, that he could not also recover their value.

The plaintiff's attorney admitted that the defendant was entitled to set off against his claim the value of the wheels equipped with solid rubber tires, originally on said truck; but before the case was finally submitted to the jury he requested the Court to strike out the testimony of the defendant with respect to the subsequent sale by the plaintiff of the truck, as then equipped and the original solid tire wheels. He contended that the wheels equipped with pneumatic tires and tubes, when placed on the truck, became a part of such truck, and that the evidence introduced was, therefore, immaterial.

In support of this contention he cited *Blackwood Tire Co. v. Auto Storage Co.*, 133 *Tenn.* 515, 182 *S. W.* 576, *L. R. A.* 1916E, ˙254, *Ann. Cas.* 1917C, 1169.

In support of his contention that the plaintiff could not recover both the new wheels, tires and rims sold, and their value, the defendant's attorney cited 1 *C. J.* 384, § 15; *Clarke v. Wells*, 45 *Vt.* 4, 12 *Am. Rep.* 187.

The court held that under the rule of accession the new wheels, tires and tubes, when placed on the truck, became a part of it. Rice, J., speaking for the court, said:

"The court are clearly of the opinion that under the evidence in this case, the plaintiff when he took back the automobile was entitled to take it back in the condition it then was. We, therefore, think the evidence on behalf of the defendant with respect to the new wheels, tires and tubes, should be stricken out."

The defendant, admitting that the new wheels, tires, rims and tubes purchased by him were worth $211.30, as claimed by the plaintiff, requested the court to instruct the jury to render a verdict for the defendant. The court refused to give the instructions prayed for.

RICE, J., charged the jury that the conditional vendor in recovering possession of the truck under the terms of the conditional sale contract was entitled to take it in the condition and as equipped when recovered; that the defendant was, therefore, not entitled to set off against plaintiff's claim the value of the new wheels, rims, tires, and tubes, with which it was admitted to have been equipped on the day that the plaintiff, the conditional vendor, repossessed himself of said truck under his conditional sale contract. *Blackwood Tire Co. v. Auto Storage Co.*, 133 *Tenn.* 515, 182 *S. W.* 576, *L. R. A.* 1916E, 254, *Ann. Cas.* 1917C, 1169, and note 1170.

Pursuant to the admission of the plaintiff's attorney, he further instructed the jury that the defendant was, however, entitled to set off against the claim of the plaintiff the value of the solid tire wheels, which were on the rear axle of said truck at the time it was sold to the defendant.