This suit in replevin was submitted to the court for trial without a jury. Though the evidence was in dispute, at the conclusion of the testimony I found the factual situation to be as follows:
On October 29, 1947, a 1947 Plymouth Sedan was stolen from one Skellinger. Prior thereto, the thief had purchased a wrecked 1946 Plymouth Sedan from one Korb and had obtained the original title papers. The culprit then removed the motor unit from the purchased 1946 sedan and substituted it for the motor unit in the stolen 1947 Plymouth Sedan. He also substituted the metal containing the serial number of the *Page 629 
1946 sedan for the one in the 1947 sedan. His obvious purpose in substituting the motor unit with the engine number and the serial number in the stolen automobile was to give it the indicia of legitimacy by corresponding to the description contained in the documentary title of the purchased 1946 Plymouth Sedan. Plaintiff, as insurer against the theft of the 1947 Plymouth Sedan, paid Skellinger and obtained from her an assignment of her rights in the automobile. On November 7th, 1947, the thief sold the automobile with its substituted motor unit to Merlin Motors, who later sold it to defendant. There were some elements in the case which might have aroused the suspicions of Merlin Motors and in turn the defendant in the purchase of the automobile. However, as the trier of the facts, at the conclusion of the trial I found each of them was an innocent purchaser. On May 18, 1948, police found the automobile in the possession of the defendant, and this suit in replevin was commenced.
Defendant concedes that the thief could not pass title to the automobile to the Merlin Motors, and hence to defendant. Defendant contends, however, that he is entitled to retain the motor unit in the automobile for the reason that it never belonged to plaintiff's assignor, but was a part of an automobile (1946 Plymouth) for which he holds a legitimate, documentary title.
It is an elementary principle of law that no one can be deprived of his property except by his own voluntary act or by operation of law. The thief who steals a chattel acquires no title by such wrongful taking. The subsequent possession by the thief is a continuing wrong; and if during its continuance the wrongdoer enhances the value of the chattel by labor upon it or adds or substitutes new appliances or parts, the chattel in its enhanced value or changed condition with its substituted or added parts still belongs to the owner of the original chattel, and the original owner may retake it. Wetherbee v. Green, 22 Mich. 311,7 Am.Rep. 653 (1871). And if the wrongdoer sells the chattel to an innocent purchaser, the latter obtains no title from the trespasser because the wrongdoer had none to give. *Page 630 
The owner may still retake it in its improved or changed state.Silsbury v. McCoon, 3 N.Y. 379 (1850).
Defendant relies upon the cases of Atlas Insurance Company,Limited v. Gibbs, et als., 183 Atl. 690 (Conn.) and Ochoa v.Rogers, 234 S.W. 693, (Tex.Civ.App.). These cases may be distinguished from the instant case. In the Atlas case a purchaser had installed his own motor in a stolen automobile which he had innocently acquired. In the Ochoa case the innocent purchaser of a wrecked automobile, which later was determined to have been stolen, had expended a large sum of money in converting the wrecked car into a truck. It will be noted that in each of the above cases the accession was accomplished by an innocent person; the distinction between a willful and involuntary wrongdoer is uniformly recognized. Wetherbee v. Green, supra;Bozeman Mortuary Association v. Fairchild, 253 Ky. 74,68 S.W.2d 756, 92 A.L.R. 419.
In the present case the accession was made by the thief prior to the sale to Merlin Motors. The maxim, "caveat emptor", applies to the purchaser; and, of course, Merlin Motors could pass no better title to defendant than it acquired itself. To hold otherwise would be to encourage the nefarious business of dealing in stolen automobiles. See Bozeman Mortuary Association v.Fairchild, supra.
My conclusion is that the motor unit installed in the stolen 1947 Plymouth Sedan became the property of the owner of the 1947 Plymouth Sedan. The plaintiff, as the owner's assignee, is entitled to judgment of possession. *Page 631