Farm Bureau Mutual Automobile Insurance Company, a corporation of the State of Ohio, Plaintiff, v. Giles M. Moseley, Defendant and Third Party Plaintiff, v. W. Carter Baker, trading as Baker's Auto Exchange, Third Party Defendant.

(*July* 9, 1952.)

Heard by RICHARDS, P. J., without a jury.

*Albert L. Simon*, Attorney for Plaintiff.

*Howard L. Williams*, Attorney for Defendant and Third Party Plaintiff.

*H. Eugene Savery*, Attorney for Third Party Defendant.

Superior Court for New Castle County, No. 669, Civil Action, 1951.

RICHARDS, P. J.:

The testimony before me disclosed that Edward O. Grunwell purchased a 1948 Dodge Automobile on January 30, 1948, and insured the same with the plaintiff against theft; that after said automobile was stolen from Mr. Grunwell on June 25, 1948, the plaintiff paid him the value thereof and took an assignment of the title; that said automobile was located on January 2, 1951 in the possession of the defendant Giles Moseley.

Subsequently, this action was brought by the plaintiff who held the title to the automobile to obtain its possession.

Mr. Grunwell was unable to appear as a witness because of his physical condition. Both his son and daughter testified and

identified the car in question as the one which had been stolen from their father. His daughter, Mrs. James, testified specifically as to a certain worn spot on the carpet in the rear which appeared about four months after her father purchased the car while they were on a trip to Florida.

In addition to their testimony, Joseph M. Carroll, an investigator for National Automobile Theft Bureau, who investigated this case, testified that he located the automobile in the possession of the defendant Moseley; that the confidential number had been ground off of it and the confidential number of a wrecked car owned by one Clarence W. Graham stamped on it; that the motor in the automobile had been removed and a motor taken from the wrecked car owned by Graham put in its place; that the automobile found in the possession of the defendant Moseley had the original paint on it which was black, being the same color as the original color on the Grunwell car.

These facts establish to my satisfaction, that the automobile in question is the same automobile which was purchased by Mr. Grunwell to which the plaintiff now holds title.

It is not denied that the automobile was stolen from Mr. Grunwell, but the evidence before me does not disclose by whom it was stolen.

The defendant Moseley purchased it from W. Carter Baker, the third party defendant, who was a dealer in used cars. The defendant Baker never saw the automobile until July 6, 1949, when it was brought to his place of business by one George Thompson. He bought it of Thompson that day and sold it to Moseley the next day. George Thompson who was also a used car dealer, testified that he purchased a 1947 Dodge from Clarence Graham in July 1949 and sold to the defendant Baker the same day.

The owner of goods or chattels which have been stolen is not divested of his ownership of the property by the larcenous taking. He may follow and reclaim the stolen property wherever he finds it.

■ A sale by the thief, or by any person claiming under the thief, does not vest title to the property in the purchaser as against the legal owner. The fact that the sale was made in the ordinary course of business and the purchaser acted in good faith makes no difference.

■ The subsequent possession by the thief is a continuing wrong, and if the wrongdoer increases the value of the property by his labor upon it, or by substituting parts for those which were on it when he acquired it, or by adding new parts to it, the property in its enhanced value or changed condition, still belongs to the original owner and he may retake it with the accessions thereto. *National Retailers Mut. Ins. Co. v. Gambino,* 1 *N. J. Super.* 627, 64 *A.* 2d 927; *Wetherbee v. Green,* 22 *Mich.* 311, 7 *Am. Rep.* 653; *Silsbury v. McCoon,* 3 *N. Y.* 379, 3 *Comstock* 379, 53 *Am. Dec.* 307; *Bozeman Mortuary Ass'n v. Fairchild,* 253 *Ky.* 74, 68 *S. W.* 2d 756, 92 *A. L. R.* 419; *Hancock v. Anchors,* 26 *Ga. App.* 125, 126, 105 *S. E.* 631; *Purnell v. Fooks,* 2 *W. W. Harr.* (32 *Del.*) 336, 122 *A.* 901.

■ The automobile in question having been identified as stolen property, the defendant Moseley has no title to it as against the claim of the plaintiff, who acquired title from Mr. Grunwell, the owner from whom it was stolen.

The property right to the automobile being in the plaintiff, I render judgment in its favor for the automobile.

■ The engine which was in the automobile at the time it was stolen from Mr. Grunwell, having been removed by the thief, or someone who claimed under the thief, and another engine put in its place, the new engine became a part of the automobile and the plaintiff is entitled to retain it as his property.

■ It does not appear that the defendant Moseley knew that the automobile had been stolen when he purchased it, consequently there was no wilful wrongdoing by him. This being true he is entitled to the sun visor, seat covers and gasoline tank which he attached to the automobile while it was in his posses-

sion. The distinction between a wilful and involuntary wrong-doer is recognized by the authorities. *Wetherbee v. Green, supra; Bozeman Mortuary Ass'n v. Fairchild, supra; Atlas Ins. Company, Limited v. Gibbs,* 121 *Conn.* 188, 183 *A.* 690; *Ochoa v. Rogers, Tex. Civ. App.,* 234 *S. W.* 693.

The Third Party Defendant, W. Carter Baker, purchased the automobile on July 6, 1949, after it had been stolen from Mr. Grunwell on June 25, 1948. Whether he purchased it from the person who was actually the thief is immaterial. The thief acquired no title to the property and consequently could not confer title upon anyone else.

■■ The general rule is well established that no one can transfer a better title to personal property or chattels than he himself has. When such property has been obtained unlawfully, as by theft, the one who became possessed of it under such circumstances can transfer no better title by sale than he has. Even a bona fide purchaser acquires no title to property which has been stolen. This same defect of title will continue to exist in all sales made subsequent to the theft, by persons whose title can be traced to that source. *Swim. v. Wilson,* 90 *Cal.* 126, 27 *P.* 33, 13 *L. R. A.* 605, 25 *Am. St. Rep.* 110; *Fort v. Wells,* 14 *Ind. App.* 531, 43 *N. E.* 155, 56 *Am. St. Rep.* 316; *Heckle v. Lurvey,* 101 *Mass.* 344, 3 *Am. Rep.* 366; *Courtis v. Cane,* 32 *Vt.* 232, 76 *Am. Dec.* 174; *Soltau v. Gerdau,* 119 *N. Y.* 380, 23 *N. E.* 864, 16 *Am. St. Rep.* 843; *Bozeman Mortuary Ass'n v. Fairchild, supra; Hessen v. Iowa Automobile Mutual Ins. Co.,* 195 *Iowa* 141, 190 *N. W.* 150, 30 *A. L. R.* 657; *Boulden v. Gough,* 4 *Penn.* 48, 20 *Del.* 48, 54 *A.* 693.

The automobile which the third party defendant, Baker sold to the third party plaintiff, Moseley, having been identified as the automobile which was stolen from Mr. Grunwell, the title of Mr. Baker was derived from that source.

■ This being true, the third party defendant, Baker, obtained no title to the automobile when he purchased it, con-

sequently, he transferred no title to the third party plaintiff Moseley when he sold it to him.

I, therefore, render judgment for the third party plaintiff, Giles M. Moseley, against the third party defendant W. Carter Baker, trading as Baker's Auto Exchange, for $1,050, being the value of the automobile in question at time this action was brought.