ALBERT J. NORRIS, PLAINTIFF-APPELLEE, v. ALLIANCE INSURANCE COMPANY OF PHILADELPHIA, DEFENDANT-APPELLANT.

Argued February term, 1923—Decided June 5, 1923.

Insurance—Against Theft of Automobile—Unconditional and Sole Ownership Clause—Facts Considered.

On appeal from the Orange District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellee, *William A. Lord.*

For the appellant, *McDermott, Enright & Carpenter.*

PER CURIAM.

The plaintiff was the *bona fide* purchaser of an automobile and defendant issued to him a policy of insurance against theft. The policy contained a condition that it should be void "if the interest of the insured in the subject-matter of this insurance be other than unconditional and sole ownership." The automobile was stolen from plaintiff, who brought suit on the policy and recovered, from which defendant has appealed on the ground that the trial court refused to direct a verdict for defendant, for the reason that plaintiff's interest in the automobile was not an unconditional and sole ownership. The admitted facts are that one Beirman held a bill of sale for the automobile, purporting to have been made by Newark Auto Corporation, the signature of the alleged vendor being forged; that Beirman assigned the bill of sale to one Bertle, who transferred it to one Lance by a bill of sale; that Lance assigned to one Gifford, who in turn sold to plaintiff, an admitted *bona fide* purchaser for value. The motion for a directed verdict for defendant refused was based on the ground that from these facts, and that there was another

automobile sold by the manufacturer bearing the same engine number, which manufacturer never duplicated its numbers, an inference could be drawn that plaintiff's automobile had been stolen from some party unknown, and, therefore, plaintiff was not the unconditional and sole owner of the automobile insured.

The defendant's difficulty is that there is no proof that the insured machine was stolen from its original owner, but if this be granted, plaintiff's title was good against everyone but the true owner, and he is unknown and makes no claim of ownership, and plaintiff has never been evicted. He owned it against all the world but a supposed owner from whom we are asked to infer it was stolen. None but he can assert ownership against the plaintiff, which he does not do, and defendant has no right to do it for him. The plaintiff did not, knowingly, make any false representation to defendant as to his ownership; he supposed he was the unconditional and sole owner without any fact known to him to the contrary, and, so far as this record shows, was, and is, the only person claiming ownership. So far as defendant is concerned, it is the same as if the automobile had been lost and found by plaintiff, who is the true owner until evicted by one holding better title. The possession of property is *prima facia* proof of title. *Nelson* v. *Bock,* 84 *N. J. L.* 123; *City Bank of Bayonne* v. *O'Mara,* 88 *Id.* 499.

There is no proof in this case from which it can be inferred that plaintiff was not the unconditional owner when the policy was issued, evidenced by his unrebutted *prima facie* proof of possession, and, therefore, the judgment should be and is affirmed, with costs.