ANTHONY SAVARESE, RESPONDENT, v. HARTFORD FIRE INSURANCE COMPANY, A CORPORATION, APPELLANT.

Submitted December 10, 1923—Decided March 3, 1924.

1. Plaintiff purchased an automobile and insured it against theft with the defendant company. Two years later the car was stolen. In a suit to recover for the value of the stolen car the defendant claimed that the plaintiff was not the lawful owner, because while it was the lawful property of one F., he had it insured against loss by theft in another company, and when the car was stolen from F., the latter company, when it paid him the loss, became the lawful owner of the automobile. *Held*, that the plaintiff, having had undisturbed possession of the car for two years, and no one claiming an ownership interest therein, even at the time of the trial, he was, so far as the record discloses, the sole owner thereof.

2. A policy of insurance upon an automobile contained a clause that the policy should be void if the interest of the assured in the subject of the insurance "be other than unconditional and sole ownership." *Held*, that the term "sole ownership" means nothing more than that no one else is interested with the assured in the ownership of the car.

3. In a suit upon a policy of insurance for theft of an automobile the cost of the car, its furnishings and the repairs made to the car, are proper elements to be submitted to the jury on the question of the value of the stolen car.

On appeal from the Supreme Court.

For the appellant, *Autenreith & Gannon.*

For the respondent, *George J. McEwan.*

The opinion of the court was delivered by

KALISCH, J.   The plaintiff below purchased, in good faith, from one John Cox a used seven-passenger Buick automobile, on November 1st, 1919, for $750.   He spent for repairs on the car and in furnishing it with new tires about $400.   In June, 1920, the defendant company issued a policy of insurance to the plaintiff on the car against fire and theft, for one year.   Upon the expiration of the term of the policy in June, 1921, the policy was renewed for another year.   On December 15th, 1921, the car was stolen.  The plaintiff demanded of the defendant indemnification under the policy for the loss sustained by him;   which was refused.   Thereupon the plaintiff brought his action against the defendant upon the policy, and the defendant, in its answer, in justification of its refusal to indemnify the plaintiff for his loss, averred that the plaintiff was not the lawful owner of the car;   that the car was the property of one Louis F. Friend, who had the car insured in the Northern Assurance Company against loss by theft, and the car was stolen from Friend, and that the Northern Assurance Company paid Friend his loss under the policy, and that, therefore, by virtue of a clause in the policy, the said Northern Assurance Company, from the time of the payment by it to Friend, of his loss, became the lawful owner of the automobile.

At the close of the case a motion was made, on behalf of the defendant, for the direction of a verdict in its favor; which motion was denied, and the case was submitted to the jury, which rendered a verdict for plaintiff and against the defendant, and a judgment having been entered thereon the cause is now brought here, by the defendant, for review.

For the appellant it is strenuously insisted that the automobile having been stolen from Friend and he having been indemnified for his loss by the Northern Assurance Company it, by the terms of its policy issued to Friend, became

the lawful owner of the stolen automobile and the only one who had an insurable interest therein, and, therefore, by virtue of a clause contained in the policy issued by the defendant-appellant, to the plaintiff, which clause provides that the entire policy shall be void "if the interest of the assured in the subject of this insurance be other than unconditional and sole ownership," the plaintiff had no insurable interest in the automobile, he not being the unconditional and sole owner thereof.

The fallacy of this reasoning springs from a misconception of what is understood to be the meaning, in its common acceptation, of the phrase "unconditional and sole ownership," as used in the policy of insurance. There is no pretence on part of the appellant that the ownership of the plaintiff of the automobile was "conditional."

The stress of appellant's argument is placed upon the term "sole ownership," which under the facts of this case it is claimed the plaintiff did not possess. We think that "sole ownership," as used in the policy, can properly mean nothing more than that no one else is interested with the insured in the ownership of the car. In this view it is obvous that there was no violation by the plaintiff of the condition of the policy.

It seems to us that the proper legal rule was enunciated by the Supreme Court in *Norris* v. *Alliance Insurance Co.,* 1 *N. J. Mis. R.* 316, a case where the *bona fide* purchaser of an automobile had issued to him a policy of insurance against theft, and where the court said (at *p.* 317) : "The defendant's difficulty is that there is no proof that the insured machine was stolen from its original owner; but if this be granted, plaintiff's title would be good against every one but the true owner, and he is unknown and makes no claim of ownership, and plaintiff has never been evicted. He owned it against all the world but a supposed owner from whom we are asked to infer it was stolen. None but he can assert ownership against the plaintiff, which he does not do, and defendant has no right to do it for him. The plaintiff did not knowingly make any false representation to defendant as to his ownership; he

supposed he was the unconditional and sole owner without any fact known to him to the contrary, and, so far as this record shows, was and is the only person claiming ownership."

And so in the case *sub judice,* the plaintiff, under the facts developed, was warranted in the belief that he had the sole ownership of the car. According to the record, during the two years of undisturbed possession of the car by the plaintiff, and even at the time of the trial no one came forward to claim an ownership interest in the automobile.

The only other ground for reversal presented to us for our consideration is that there was no evidence before the jury of the value. of the plaintiff's car at the time it was stolen.

This contention lacks support from the testimony in the cause. There was proof that the plaintiff paid $750 for the car and subsequently expended about $400 more on the car for repairs and tires. The cost of the car, furnishings and repair are elements of value to be considered by a jury. *Luse* v. *Jones,* 39 *N. J. L.* 707; *Budd* v. *Van Orden,* 33 *N. J. Eq.* 143 (at *pp.* 146, 147); *Goodman* v. *Lehigh Valley Railroad Co.,* 82 *N. J. L.* 450 (at *p.* 456); *Waldrons* v. *Wells,* 84 *Id.* 245; *State* v. *Duelks,* 97 *Id.* 43 (at *pp.* 47, 48).

On the question of the value of the car and the amount that the plaintiff was entitled to recover if the jury found for the plaintiff the court instructed the jury as follows: "Now, the fact that the car was purchased for $750, if that was the sum which was paid for it, does not fix the value of the car. You are to .say from the evidence you have heard what the car's value was; what the car was worth at the time it was stolen. You may take those matters in consideration in determining the value of the car; but the plaintiff is only entitled to recover, if he recovers at all, the value of the car at the time it was stolen."

This was an accurate statement of the law, as declared by this court.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, GARDNER, VAN BUSKIRK, JJ. 11.

*For reversal*—CAMPBELL, CLARK, JJ. 2.