MODERN MUSIC SHOP, INC., Plaintiff, v. THE CONCORDIA FIRE
INSURANCE COMPANY OF MILWAUKEE, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District,
February 3, 1927.

Insurance — fire insurance — action to recover on fire insurance policy
insuring plaintiff's interest in "improvements and betterments" to
building — plaintiff, as lessee, converted storage basement into
merchandise display room at expenditure of $3,000 — changes con-
stitute "improvements and betterments" within terms of policy —
plaintiff had insurable interest and is entitled to damages to "improve-
ments and betterments"— proof of loss sufficient.

In this action to recover on a fire insurance policy insuring plaintiff's interest in
"improvements and betterments" to a building leased by plaintiff and damaged
by fire, it appears that plaintiff converted a storage basement, underneath the
store, into a merchandise display room at an expenditure of $3,000.  Con-
sidering the condition and use of the basement prior to its conversion into a
display room, and its change from a place used for storage purposes only to
a show room with demonstration booths, electric fixtures and beveled mirrors,
the changes thus made must be deemed to have bettered and improved the
premises, and hence come within the language of the terms of the policy relating
to "improvements and betterments" to the building.

Plaintiff had an insurable interest, since, to the extent demised, the premises are
as much his as if he held the absolute fee to them, and he is entitled to indemnity
for the damage to the "improvements and betterments" caused by the fire,
and in which the landlord had no interest whatever.  The plaintiff, in respect
of the "improvements and betterments" made, was not merely a usufructuary.
It was at all times the absolute owner thereof.

The fact that the proof of loss filed by plaintiff showed plaintiff as owner, where,
as matter of fact, it was only the lessee of the premises, does not warrant a
finding that the proof of loss is insufficient.

ACTION on a policy of fire insurance.

*Alfred B. Nathan* and *S. Howard Imbrey* [*George X. Levine* of
counsel], for the plaintiff.

*Denman, Bevier & Scotti* [*Louis Bevier* of counsel], for the
defendant.

EDER, J.  For the agreed premium, which was paid, the defend-
ant issued to the plaintiff its policy of insurance, insuring the
property of the plaintiff against loss by fire, including the plaintiff's
insurable interest in the improvements and betterments to the
building in question.

On July 15, 1926, and while the policy was in full force and
effect, a fire occurred in the premises of the plaintiff covered by
the policy, resulting in a loss for which it seeks recovery in this
action.

20

Municipal Court of New York, February, 1927.    [Vol. 131

The damage, it is alleged, amounts to $850, and occurred to the improvements and betterments to the premises occupied by the plaintiff, and in which it had an insurable interest. The defendant conceded that this sum is the amount of the damage done by the fire to the betterments and improvements described in the proof of loss filed.

The plaintiff occupied the corner store on the southwest corner of the building, under a lease made April 27, 1920, for the term of seven years from May 1, 1920, for use as a music store, for the sale of music and musical instruments. In 1923 the landlord consented to the plaintiff using in connection with its business, as a showroom, the basement underneath the store, provided it bore all the expense and responsibility in connection with the change and use of the basement. Prior to its conversion into a showroom this basement had been used for storage purposes only, to store beers, wines and liquors, the store above and occupied by the plaintiff, having been previously used as a saloon. As to its condition prior to its conversion into a display room, the testimony is that the walls were in a very rough state; the ceiling was roughly finished and had steam pipes and pipes that contained the drain water, which were all around the basement. The floor, which was of concrete, was broken and uneven. Following the consent of the landlord to the change and use requested by the plaintiff, it proceeded to alter the basement into a showroom, first obtaining the permission of the municipal authorities to make the change, and the undisputed testimony is that the alteration work and improvements cost in the neighborhood of $3,000.

The claim made at the trial was that the sound value of these improvements at the time of the fire was about $2,000. The nature of the improvements made consisted of framing all the walls of the basement, leveling of the cement floor, removal of certain plumbing, plastering of the walls, installation of beaver boards, paneling, painting and decorating, the installation of a metal ceiling, electrical fixtures, construction of display rooms and demonstration booths, erection of an iron stairway with marble steps leading from the basement to the store, building of record racks, and installation of doors leading from the basement to the street. The pillars and posts were straightened out by making them square, with beveled mirrors around them, and the posts were sash wired with plastering on the sash wire.

When possession of the basement was taken, the steam pipes and the pipes that contained the drain water which were all around the basement had to be supported, and framework had to be put on the ceiling to sustain the metal, and strips were placed all around

the ceiling in order to hold it.   The waste outlets in the basement had to be improved as a precaution and protection against the contingency of flooding.   As to the exit from the basement to the street, walls and two doors were constructed.

Considering the condition and use of the basement prior to its being converted into a display room, that the changes bettered and improved the premises, and come within the language of the terms of the policy relating to " improvements and betterments to the building," admit, I think of no doubt.   The words " betterments " and " improvements " are terms of elasticity, and are really synonyms, being words of the same or like meaning.   To " better " is in fact to improve, and to " improve " is to make better.   As they are used in the policy, I think these words imply and mean a substantial or fairly substantial alteration, addition or change to the premises used and occupied by the assured, rising above and beyond and amounting to something more than a simple or minor repair.   And I hold that the nature of the work done in converting the basement into a display room, in the manner proved, brings it within that category, and that it was of the kind and character contemplated by this language of the policy, and is within the fair intendment of its terms.   These terms, I think, mean to insure those alterations, additions or changes made by the assured to that part of the realty used and occupied by him for and in the conduct of his business.

If the plaintiff was the actual owner of the entire building, and had improved the basement from a mere repository to a display room or store for business purposes, I do not believe any one will dispute that under such a policy as this, the plaintiff could recover for the damage to this improvement, or that it was not a " betterment " or " improvement " to the fee, embraced within these terms, and covered by the policy, and that he had an insurable interest therein.   The premises, to the extent demised, are as much the assured's, as if he held the absolute fee to them.   A leasehold interest in real estate, for a term of years, is a chattel real, and as such is ranked as an estate in land.   (*Averill* v. *Taylor*, 8 N. Y. 44, 51, 52.)   As Professor Aron says in his " Digest of the New York Real Property Law " (Ed. 1923, p. 136): " An estate for years represents for the time being the ownership of the property."   And in addition, there is, in the instant case, the undisputed fact that the landlord expressly agreed that the plaintiff should have the absolute title to the improvements and betterments which it made.   Upon principle I am unable to perceive any distinction between the case of an absolute owner of the entire fee, and one who, in legal contemplation and effect, occupies the

**308** MODERN MUSIC SHOP, INC. *v.* CONCORDIA FIRE INS. CO.

Municipal Court of New York, February, 1927.　　　[Vol. 131]

same relation and status, to the extent specifically demised. To that extent, the plaintiff, though a tenant, was the owner of and had an " insurable interest " in the improvements and betterments to the building, within the terms of the policy.

The rule as to what constitutes an insurable interest is well stated in 32 Corpus Juris, 1111, as follows: " In general a person has an insurable interest in the subject-matter insured where he has such a relation or connection with, or concern in it, that he will derive pecuniary benefit or advantage from its preservation and will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against."

" An insurable interest " says the court in *Cone* v. *Niagara Fire Ins. Co.* (60 N. Y. 619, 621), " is that property or right of the assured in respect to which he is liable to loss. The assured has an insurable interest, when he has an interest in the subject insured, and the happening of the event insured against, might bring upon him pecuniary loss." It is not even necessary that the assured should have, in the property damaged or destroyed, an interest, legal or equitable, but it is sufficient merely that he is so situated with respect to it that he would be liable to loss if it is destroyed or injured by the peril insured against. (*Berry* v. *American Central Insurance Co.*, 132 N. Y. 49.) " In brief, a person may insure against his liability with reference to a certain property as well as his interest therein." (*Berry* v. *American Central Insurance Co., supra*, 56.)

Having determined, therefore, that the conversion of the basement into a showroom, in the manner shown, constitutes " improvements " and " betterments " within the terms of the policy, and that the plaintiff is the owner of and has an " insurable interest " therein, I shall now consider the question of the extent of the recoverable damage. The plaintiff claims it is entitled to recover the damage to the property itself as well as the damage to the improvements and betterments, that the policy covers both.

It is sufficient to note that the complaint alleges only damage done to the improvements and betterments. The defendant contends that the plaintiff is entitled to recover only a proportionate part of its right to *use* the improvements and betterments for the unexpired term of the lease, *i. e.*, only the amount of the damage to its usufruct. Usufruct is the " right of enjoying a thing the property of which is vested in another, and to draw from the same all the profit, utility, and advantage which it may produce, provided it be without altering the substance of the thing; " it is the " right to use and enjoy the property of others," the " right of using and enjoying and receiving the profits of, property which belongs to

another." (39 Cyc. 874.) It is simply a right of use, nothing more, without any property being vested in the usufructuary at all. But here the plaintiff, in respect of the improvements and betterments made, was not merely a usufructuary. It was at all times the absolute owner thereof. These improvements and betterments were made at its own cost and expense, and to its own liking. The landlord had no concern with, or interest in them whatever, and exercised over them not the slightest dominion or control.

The uncontradicted evidence is that the landlord, in giving his consent to the asking of the improvements, distinctly made it a condition precedent that he was not to have any interest in the improvements made, was not to share any part of the expense, was not to assume or have any liability whatever in connection with them; all repairs were to be made by the plaintiff, and all requirements of the municipal authorities, in connection with the improvements made, were to be complied with by the plaintiff, at its own cost and expense, and, in fact, when violations were placed upon the building by virtue of the improvements made, they were turned over by the landlord to the plaintiff to be complied with and removed, at its own cost and expense. The sole condition imposed was that when the tenancy expired, the basement was to be returned in the condition received. The landlord also testified that with respect to the fire which occurred, he made no claim for loss to any of the improvements in the basement, all of which had been made by the plaintiff.

I think it clear from this testimony that the interest of the plaintiff in the improvements and betterments made was not merely one of usufruct, for the plaintiff had more than the mere right to their use. I think it at all times had, and was vested with absolute title to the improvements and betterments, which I find to be the fact. It had more than the mere privilege of their use; it had the sole and exclusive right and power, by virtue of its absolute ownership, to utilize, impair, abandon or entirely destroy the improvements and betterments at will, without the slightest right of molestation or interference by the landlord, a right and power lacking in the case of a usufructuary, who has only the privilege of use but is without power to impair the substance. It is this that marks the essential distinction.

And for that reason the cases relied on by the defendant are inapplicable and clearly distinguishable. *Niblo* v. *North American Fire Insurance Co.* (1 Sandf. 551) involved a claim of damage for the loss of profits due to the interruption or destruction of the business of the assured carried on in the building destroyed, which

contingency the policy did not insure against. *Beekman* v. *Fulton County Farmers' Insurance Assn.* (66 App. Div. 72) was a case where the assured who had a life estate in the insured premises supposed he was the owner, and intended to insure it as such, and it was held he was only entitled to recover the value of its use. *Getchell* v. *Mercantile & Manufacturer's Fire Insurance Co.* (109 Me. 274) was a case where a leasehold interest was insured.

None of these features mark this controversy. The plaintiff makes no claim for loss of gains and profits due to interruption or destruction of the business, occasioned by the fire; it makes no claim for injury to the leasehold interest, nor does it seek to recover for loss of the use of the premises and improvements, but what it does claim is indemnity for the damage *to the* improvements and betterments which it made, and which the policy expressly insures against and covers, and in which improvements and betterments the landlord had no interest whatever.

It is to be observed that the court in the *Niblo Case* (*supra*) particularly pointed out, in referring to *Laurent* v. *Chatham Fire Insurance Co.* (1 N. Y. Super. Ct. [1 Hall] 41), that the situation is different where the assured holds the *absolute* title.

The other point made by the defendant is that the proof of loss was insufficient because the plaintiff claimed as owner and was only the lessee, and also that the proof of loss does not state the cash value of each item and the amount of the loss or damage thereto. The claim merits little consideration. I have already held the plaintiff is the owner. Again it is stated in the defendant's brief that " The only serious question raised is as to the proper measure of indemnity." Further, the letter of the New York Board of Fire Underwriters committee on losses and adjustments, states that the defendant returned the proof of loss upon the sole ground that in its opinion no legal liability attached under the policy, and not because the proof of loss was insufficient for any reason. Having placed its declination upon this sole ground, it is a waiver of all right to urge any other ground, and, moreover, where alleged insufficiency in the proof of loss is made as a claim, the particular defect must be pointed out (*Weed* v. *Hamburg-Bremen Fire Ins. Co.*, 133 N. Y. 394, 408), which was not done here.

There is no dispute as to the amount of the insurable damage done by the fire to the improvements and betterments; the defendant concedes it to be the sum of $850. The plaintiff is entitled to and is hereby awarded judgment in that amount. Ten days' stay of execution.