THOMAS B. NORRIS AND CHARLES T. NORRIS, PLAINTIFFS-RESPONDENTS, v. THE ALLSTATE INSURANCE COMPANY, ETC., DEFENDANT-APPELLANT, AND THOMAS WILKIE, *ET AL.*, DEFENDANTS-RESPONDENTS.

Argued March 7, 1961—Decided April 10, 1961.

438

*Mr. Ervan F. Kushner* argued the cause for plaintiffs-respondents, Thomas B. Norris and Charles T. Norris (*Mr. Samuel A. Wiener,* attorney for defendants-respondents, Robert Orr, Guardian *ad litem* for Ruth Ann Orr, and Robert Orr, individually).

*Mr. Edward C. Hillis* argued the cause for defendant-appellant, The Allstate Insurance Company, etc. (*Messrs. Marley, Winkelried & Hillis,* attorneys).

*Mr. Harry C. Chashin* argued the cause for defendants-respondents, Ruth Higgins, as administratrix *ad prosequendum* and as administratrix of the goods and chattels, etc., of Wilfred George Higgins, Wilfred Higgins, Sr., and Michael Pressing (*Messrs. Marcus & Levy,* attorneys).

PER CURIAM. In this action a judgment was sought declaring that an automobile liability insurance policy issued by defendant to plaintiff, Thomas B. Norris, provided coverage for a certain automobile owned by Norris and driven by his son, plaintiff Charles T. Norris, which was involved in an accident. The trial court granted summary judgment for plaintiffs. Defendant insurer appealed to the Appellate Division but we certified the matter on our own motion before argument there.

Defendant's contract of insurance, as issued to Thomas B. Norris, covered a 1952 Plymouth. During the policy period Norris purchased and registered in his name an additional vehicle, a 1955 Ford two-door sedan. This Ford car, while being driven by Norris' son Charles, collided with another vehicle. Defendant took the position that the second car was not entitled to the insurance protection. The policy provides, however:

"VI. Automatic Insurance For Newly Acquired Automobiles

The insurance afforded by this policy with respect to the owned automobile shall also apply to any other automobile of which the named insured or spouse acquires ownership; provided it * * * is an additional [automobile] and Allstate insures all automobiles of the named insured; and provided notice of its delivery be given to Allstate * * *."

On the record presented, the Ford automobile is clearly within this provision. We agree with the trial court that no basis whatever exists for the defendant's disclaimer of coverage.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For reversal*—None.