Per Curiam.

Plaintiff husband, as finder of the ring in question, had an insurable interest therein as defined in section 148 of the Insurance Law. While the criminal statutes involved (Penal Law, § 1300; Administrative Code of City of New York, *962 § 435-4.1) expose a finder to possible prosecution for violation thereof, they do not provide for any forfeiture of his common-law rights as a finder. Since such statutes are in derogation of the common law, they must be strictly construed (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 301). In any event, absent any conviction under these statutes, we cannot ignore the presumption of innocence which must be deemed to attach to the conduct of the finder of the ring.
However, the evidence concerning the loss of the ring, although uncontradicted, is based solely upon the testimony of plaintiff, Isidore Reif, and necessarily relates to matters within his exclusive knowledge. Under the circumstances and in view of the nature of the claim asserted, the credibility of this interested witness should have been submitted to the jury (Woodson v. New York City Housing Auth., 11 A D 2d 329, 330; Punsky v. City of New York, 129 App. Div. 558). It was therefore error to direct a verdict for the plaintiffs.
The judgment should be reversed and a new trial ordered, with $30 costs to defendant to abide the event.