215 So.2d 35 (1968)
Mitchell SKAFF, Appellant,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, a Foreign Corporation, Appellee.
No. J-208.
District Court of Appeal of Florida. First District.
October 22, 1968.
*36 Dawson, Galant, Maddox, Boyer, Sulik & Nichols, Jacksonville, for appellant.
Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
SPECTOR, Judge.
The plaintiff, Mitchell Skaff, has appealed an adverse summary judgment in his unsuccessful action on an insurance claim which the defendant, United States Fidelity & Guaranty Company, has refused to pay.
The facts are undisputed and have been stipulated to by counsel for both parties.
The appellant Skaff obtained a comprehensive fire and theft insurance policy on a 1964 Cadillac automobile for which he had paid his brother-in-law, a used car dealer, $4,110.90. The Cadillac was in fact a stolen automobile that had come to Florida with an Alabama registration by use of which a Florida title certificate was obtained. Some eight months after the appellant's purchase, the Cadillac was again stolen and was found later in a burned condition. That appellant was an innocent purchaser for value without notice that the Cadillac was stolen is a fact that was stipulated to as was the fact that the automobile was later stolen by some person unknown to him.
The appellee's successful defense to the claim was based on the argument that no insurable interest is obtained by an innocent purchaser of a stolen automobile because the seller possessed no interest which he could transfer.
The question presented by this argument, simple as it may appear, has never been decided by the appellate tribunals of this State. Nor have the courts of other states found unanimity in their decisions when deciding this question.
Cases following the appellee's contention as stated above are Hessen v. Iowa Automobile Mutual Insurance Company, 195 Iowa 141, 190 N.W. 150, 30 A.L.R. 657, and Napavale, Inc. v. United National Indemnity Company, 169 Cal. App.2d 119, 336 P.2d 984, while Barnett v. London Assurance Corporation, 138 Wash. 673, 245 P. 3, 46 A.L.R. 526, and Norris v. Alliance Insurance Company of Philadelphia, 123 A. 762, 1 N.J. Misc. 315, hold that the purchaser of a stolen automobile's right to possession against all but the rightful owner is a right that gives the purchaser an insurable interest.
We prefer the logic of the holdings in Barnett, supra, and Norris, supra. The reason for the rule requiring that a person possess an interest in property which he seeks to have insured is to prevent insurance contracts from becoming wagering contracts in furtherance of public policy on wagering. In absence of an interest in the property to be insured, such a contract becomes in essence a wager which will not be sanctioned by the courts. 4 Appleman, Insurance Law and Practice, Section 2121.
*37 The appellant's interest in the insured vehicle stems from the $4,110.90 he paid for it as well as the loss of its use. By insuring such a substantial interest, the contract can hardly be considered a wager. It is a contract that protects the appellant from the loss of money spent to purchase the property insured as contemplated and defined by the Legislature of this State in Section 627.01041(2), Florida Statutes, F.S.A., as follows:
"`Insurable interest' * * * means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment."
When viewed in light of the foregoing, it appears to us that the trial court erroneously held that appellant had no insurable interest in the vehicle in question. Therefore, the entry of summary judgment based on such reasoning was erroneous.
Accordingly, the summary judgment appealed is reversed.
WIGGINTON, C.J., and CARROLL, DONALD K., J., concur.