Michael Kern, Spec. Ref.
The determination of the issues in this action, brought to recover from the defendant under a contract of insurance, revolves around the interpretation of the words “any lawful and substantial economic interest” contained in section 148 of the Insurance Law of the State of New York. Counsel for the parties, decrying the lack of authoritative decisions in the State of New York, rely upon a mass of learned judicial opinions in States other than New York as well as upon eminent and equally learned text writers in support of their respective positions.
The question — did the insured plaintiff, at the time of the issuance of the insurance policy and at loss of the property insured, have an insurable interest in the property insured — arises from the following facts which are found as such by the court after hearing and considering all the evidence offered.
The plaintiff, having purchased a 1967 Cadillac automobile for the sum of $5,300, its then cash value, obtained from the defendant its policy of insurance against loss by theft. Approximately one month thereafter the vehicle was stolen from him. When he reported his loss he was informed that the very automobile which he had purchased had been stolen from its original owner. The court finds as a further fact that, from the circumstances immediately surrounding the purchase transaction, the plaintiff was an innocent purchaser for value. The defendant insurance company declines to compensate plaintiff for his loss contending that the latter did not have title to the vehicle and had no insurable interest therein; it does not put in issue the claim that plaintiff expended the sum of $300 for transportation expenses, as alleged in the second cause of action.
Before a plaintiff under such circumstances may recover, he must satisfactorily sustain the burden of establishing that he had an insurable interest or, as it has been defined, a “ substantial economic interest ’ ’ in the property at the time of the loss of the property insured. (Peabody v. Washington County Mut. Ins. Co., 20 Barb. 339; Fowler v. New York Ind. Ins. Co., 26 N. Y. 422.) This does not, of course, require proof of title, *88 legal or equitable; all that need be shown is such economic interest in property ‘ ‘ by the existence of which he will gain an advantage or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon or possession of the property itself.” (Fulwiler v. Traders & Gen. Ins. Co., 59 N. M. 366; Riggs v. Commercial Mut. Ins. Co., 125 N. Y. 7, 11-13; Rohrbach v. Germania Fire Ins. Co., 62 Y. Y. 47, 55; Tischendorf v. Lynn Mut. Fire Ins. Co., 190 Wis. 33; Modern Music Shop v. Concordia Fire Ins. Co., 131 Misc. 305.)
On the day when the plaintiff contracted with the defendant to insure him against loss of his automobile and immediately prior to its loss, he did in fact have possession of the vehicle which he could have defended successfully against the whole world except the true owner. Indeed, he might never have been called upon to contend with such a contingency. The defendant then undertook to make him whole were he to sustain a loss by theft and, consequently, suffer a termination of a real advantage which would have accrued to him by the continued existence of the property. The following, from Vance, Insurance (Hornbook Series, 3d ed.) page 172, we believe to be of particular interest and applicability: “ Inasmuch as one having possession of a chattel, although acquired by theft or otherwise wrongfully, has a possessory right good as against all the world except the true owner or one having a prior right of possession, there is no reason why this qualified possessory right should not give him an insurable interest. So, where the insured in good faith purchases an automobile from a thief, the better view recognizes his insurable interest therein, though there is authority to the contrary.”
Was there, then, during the period in which there was a separation of title from possession (the period during which the insurance contract was entered into), such a reasonable expectation, on the part of the plaintiff, of benefit from preservation of the property insured or liability of loss as would come within the meaning of the words ‘‘ substantial economic interest ’ ’ contained in section 148 of the Insurance Law?
To have such an “ insurable interest ”, says Appleman (Insurance Law, vol. 4, § 2123) “ he must act in good faith and show such relation to the property as would give some interest in its preservation.”
It must be borne in mind that a right to property is not an essential ingredient of insurable interest, and that a limited or qualified interest or any expectancy of gain or advantage is sufficient. Although interpretations throughout the country are many and varied, it is our belief that the more equitable holding *89 is that in the case of Barnett v. London Assur. Corp. (138 Wash. 673) hereinafter referred to.
The innocent purchaser of stolen property has an economic interest in the preservation of such property until, should thát moment eventuate, he is required to account to its true owner. A finder of such property has an “ insurable interest ” therein (Reif v. Insurance Co. of North America, 33 Misc 2d 961) and holds it as a bailee, as does one who, innocently and for value, receives stolen property, the owner retaining title so that the possessor is under a legal obligation to restore the very property in the same or altered form (Krause v. Commonwealth, 93 Pa. St. 418, quoting definitions by Blackstone and others). While it is true that a finder, upon compliance with such procedures as might be established by law for that purpose, may become the legal owner of the property lost, it is equally true that one who has come innocently into possession of stolen property may continue indefinitely, against the whole world except the true owner, to enjoy such property without interruption. As the New Jersey Supreme Court said in Norris v. Alliance Ins. Co. (1 N. J. Misc. R. 315, 316), upon facts substantially similar to those in the instant case: “ plaintiff’s title was good against everyone but the true owner * * * None but he can assert ownership against the plaintiff, which he does not do, and defendant has no right to do it for him. * * * So far as defendant is concerned, it is the same as if the automobile had been lost and found by plaintiff, who is the true owner until evicted by one holding better title.” The Norris case was cited with approval by the Supreme Court of the State of Washington in Barnett v. London Assur. Corp. (138 Wash. 673, 675) where it was said: “ even though the automobile may have been originally stolen from the rightful owner, the respondent had the title and the right to possession of it as against all the world except the rightful owner. ’ ’
The plaintiff should, therefore, have judgment against the defendant for the relief demanded in the complaint.