SWANN, Judge.
This appeal is by the plaintiffs and is from a final judgment for the defendants based on an order which granted their motion to dismiss the plaintiffs’ complaint.
The Smiths, plaintiffs below, were bona fide purchasers for value of a 1965 Cadillac automobile.
The defendants, State Farm Mutual Automobile Insurance Company, issued a policy of insurance on the car insuring the Smiths against loss by theft. The car was stolen from them whereupon they notified the insuror and filed a claim under their policy. The police recovered the car and ascertained that it was a stolen vehicle when the Smiths had purchased it. The police ultimately returned the car to its rightful owners and the insuror refused to pay the plaintiffs for the theft of the car. This suit followed and the trial court granted the defendants’ motion to dismiss and entered final judgment on the theory that the plaintiffs’ loss was not caused by the theft of the car but because of the return of the car to its true owners by the police. We reverse.
Originally, it was contended that the Smiths had no insurable interest in the car but that argument is no longer valid. See Skaff v. United States Fidelity & *390 Guaranty Company, Fla.App.1968, 215 So.2d 35. The Florida title certificate was in the name of the Smiths; they had an insurable interest in the car; it was stolen from them and their insurance policy with the defendant insured them against theft. It follows that a cause of action was 'stated.
The question of whether the loss (damages) which they suffered was caused by the theft of the car or whether it was caused by virtue of the return of the car to its rightful owners by the police was a question of fact to be determined by a jury. See 29A Am.Jur. Insurance § 1134; VI Blashfield, Cyclopedia of Automobile Law and Practice § 3777. In other words, the question to be determined is what was the proximate cause of the loss suffered by the Smiths? This we believe is a question for the jury.
We, therefore, reverse and remand for further action consistent herewith.
Reversed and remanded.