231 So.2d 193 (1970)
Louis K. SMITH and Catherine Y. Smith, Petitioners,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Insurance Company Authorized to Do Business in Florida, Respondent.
No. 38579.
Supreme Court of Florida.
February 4, 1970.
Rehearing Denied February 23, 1970.
Peter S. Schwedock, Miami, for petitioners.
*194 Gary S. Barber of Fleming, O'Bryan & Fleming, Ft. Lauderdale, for respondent.
DREW, Justice.
We agree with both petitioner and respondent that, there being no dispute as to the facts, the decision of the district court[1] returning the case to the trial court to "determine the question of what was the proximate cause of the loss suffered by the Smiths" was in direct conflict with Paddock v. Bay Concrete Industries, Inc.,[2] Russell & Axon v. Handshoe,[3] Automatic Canteen Company of America v. Butler,[4] and numerous decisions of this Court to the effect that where the evidence is undisputed, as here, the construction and interpretation of a contract is to be decided by the Court and not by the jury.
In the questioned decision the district court correctly decided the issues and we approve the reversal of the action of the trial court. The district court was also entirely correct in holding that the Smiths had an insurable interest in the automobile, following the First District's decision in the Skaff case.[5] The concluding paragraph, however, sending the case back for a jury trial, was in conflict with the decisions noted above and such paragraph is disapproved with directions to eliminate said paragraph from the decision and to remand the case for determination of allowable damages, under the express terms of the contract relating to loss occasioned by the temporary loss of use of the car.[6]
It is so ordered.
ERVIN, C.J., and ROBERTS, ADKINS and BOYD, JJ., concur.
NOTES
[1] Smith v. State Farm Mutual Automobile Ins. Co., 220 So.2d 389 (3d Dist.Ct.App. Fla. 1969).
[2] 154 So.2d 313 (2d Dist.Ct.App.Fla. 1963).
[3] 176 So.2d 909 (1st Dist.Ct.App.Fla. 1965).
[4] 177 So.2d 712 (3d Dist.Ct.App.Fla. 1965).
[5] Skaff v. United States Fidelity & Guaranty Co., 215 So.2d 35 (1st Dist.Ct.App. Fla. 1968).
[6] The amount of such damages are specified in the policy of insurance.