WALDEN, Judge.
Charles B. Grimm sued Prudence Mutual Casualty Company because of the company’s refusal to pay proceeds of a non valued insurance contract which covered theft of Grimm’s automobile. The case was tried to a jury and resulted in a ver-diet for Grimm in the sum of $1800.00 and judgment in that sum, plus $1200.00 in at- , . , , . torney s fees and plus costs. The company appeals. We reverse.
There is no dispute as to the dis-positive material facts. From them we say, as a matter of law, that Grimm did not have an insurable interest in the vehicle at the time of the alleged theft.
Section 627.01041, F.S.1967, F.S.A., provides :
“(1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.
“(2) ‘Insurable interest’ as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.
“(3) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof.”
At the time of the alleged theft:
(1) Grimm did not have legal title to the vehicle;
(2) A bank held a lien which exceeded the value of the car as even acknowledged by Grimm;
(3) Grimm had agreed to voluntarily surrender possession to the bank without charge or consideration;
(4) Grimm was holding the car for the bank who was to repossess it within the next day or so;
(5) A police officer to whom Grimm had reported the theft testified that Grimm *666 stated he did not want the car back nor to be responsible for it;
(6) Grimm had sued the person who had purported to sell the vehicle to him, asking either for delivery of title or a refund of the sum of $1500.00 which Grimm had paid and Grimm thereby obtained judgment for the sum of $1500.00.
It is clear to us from the record that at the time of the alleged loss Grimm possessed neither legal or equitable title to the vehicle; had no insurable interest; and suffered no economic loss. In other words, he did not meet the criteria announced in Section 627.01041(2), F.S.1967, F.S.A. The most that Grimm could be said to have would be a naked custody which he had already agreed to surrender without consideration.
An insurable interest in property is not held by a person who has no legal title or equitable interest and has merely custody of the automobile awaiting the immediate exercise of another’s right of possession. Section 627.01041, F.S.1967, F.S.A.; Peninsular Fire Insurance Co. v. Fowler, Fla.App.1964, 166 So.2d 206.
Furthermore, the extent of recovery allowed under a “nonvalued” insurance policy covering theft of property is the value of the insured’s actual loss. When, as in the instant case, no loss is sustained there may be no recovery. 44 Am.Jur.2d, Insurance, §§ 1647, 1648; 15 Couch on Insurance 2d, § 54.168; Lighting Fixture Supply Co., Inc. v. Fidelity Union Fire Ins. Co., 5 Cir. 1932, 55 F.2d 110. Therefore, it was also error for the court to instruct the jury that the appellee could recover the fair market value of the property at the time of the loss.
In support of the judgment the appellee cites Smith v. State Farm Mutual Automobile Insurance Company, Fla.App.1969, 220 So.2d 389; and Skaff v. United States Fidelity & Guaranty Company, Fla.App. 1968, 215 So.2d 35. Both of these cases held that bona fide purchasers of stolen cars nevertheless had an insurable interest in them. These cases can be distinguished from the instant case in that in each case the insured had an equitable interest in the car because of the money he had paid and each had a Florida title certificate to the car. The appellee had no Florida title certificate to the car. In addition, although he paid a part of the purchase price ($1500.00), he had already received a judgment for this amount against the seller before the alleged theft. Thus the appellee did not even have an equitable interest in the vehicle but only custody of it until the time he was to turn it over to the bank.
For the above reasons we reverse and remand with instructions to enter judgment in favor of the defendant, Prudence Mutual Casualty Company.
Reversed and remanded.
OWEN, J., concurs.
CROSS, C. J., dissents, with opinion.