Burke, J.
(dissenting). In this action to recover on an insurance policy, the issue presented is whether an innocent purchaser of stolen property has an insurable interest therein under section 148 of the Insurance Law.
The respondent insured allegedly purchased a used Cadillac for $4,100 from an unknown salesman whom he met through his brother-in-law. The car, which had previously been registered in New Hampshire, was then registered in New York and a comprehensive insurance policy thereon was issued by the appellant. Some three days after the purchase the car was stolen from the insured and concededly has not yet been recovered. Upon processing the theft, claim it was discovered that the insured automobile bore a false serial number — the implication being that the insured had purchased a stolen car. The appellant then disclaimed liability on the ground that the insured had no insurable interest in the subject property.
*415 At the trial, the insured failed to produce any documentary evidence that he actually purchased the car in question. He produced instead only his canceled bankbook showing a timely withdrawal of $2,500 and testimony that he had borrowed the balance from his brother-in-law. Despite the weakness of the evidence, the jury, by special verdict, found that the insured had been an innocent purchaser of a stolen vehicle. The trial court then awarded judgment to the insured, taking the position that an innocent purchaser of a stolen car obtains an insurable interest therein by virtue of his economic interest in the property purchased (see Perrotta v. Empire Mut. Ins. Co., 62 Misc 2d 925, revd. on other grounds 35 A D 2d 961; Lindner v. Hartford Fire Ins. Co., 58 Misc 2d 86, revd. on other grounds 33 A D 2d 686. But see Friscia v. Safeguards Ins. Co., 57 Misc 2d 759). Both the Appellate Term, First Department (67 Misc 2d 437), and the Appellate Division (38 A D 2d 1012) affirmed.
I disagree. The division of authority on this issue is widespread. (See Ann., Insurable Interest — Stolen Automobile, 33 ALB 3d 1417.) While some jurisdictions have adopted the position taken by the courts below (see, e.g., Skaff v. United States Fid. & Guar. Co., 215 So. 2d 35 [Fla.]; Barnett v. London Assur. Corp., 138 Wash. 673; Norris v. Alliance Ins. Co., 1 N. J. Misc. 315) others maintain the position that a purchaser of stolen property, having acquired no interest from, the seller, has no insurable interest in. the property (see Napanale, Inc. v. United Nat. Ind. Co., 169 Cal. App. 2d 119; Gordon v. Gulf Amer. Fire & Cas. Co., 113 Ga. App. 755; Hessen v. Iowa Auto. Mut. Ins. Co., 195 Iowa 141). I am of the opinion that this latter position, as set forth in Friscia v. Safeguard Ins. Co. (57 Misc 2d 759, supra) better represents the legislative intent underlying section 148 of the Insurance Law.
Under section 148, a contract of insurance is unenforceable absent an insurable interest in the person to be benefited. The section then defines an “ insurable interest” as “ any lawful and substantial economic interest in the safety or preservation of the property from loss, destruction or pecuniary damage.” While such interest need not be legal, equitable, or possessory, it must be such that the loss or destruction of the property will result in liability or pecuniary damage to the insured (Harrison v. Fortlage, 161 U. S. 57, 65; Riggs v. Commercial Mut. Ins. Co., *416 125 N. Y. 7,12; National Filtering Oil Co. v. Citizens’ Ins. Co. of Mo., 106 N. Y. 535, 541; Rohrbach v. Germania Fire Ins. Co., 62 N. Y. 47, 55. See, also, 30 N. Y. Jur., Insurance, § 752). By statutory definition, the potential loss to the insured must be ‘ ‘ substantial ”. _
In my opinion, the insured innocent purchaser had no “ substantial ” economic interest in the stolen car. His monetary investment was lost at the time of purchase; and having purchased the vehicle from one without any interest therein, he acquired only a qualified possessory interest (as against all but the true owner) which, as Mr. Justice Stecher pointed out in Friscia (57 Misc 2d 759, supra) was so tenuous that it might have been terminated at any moment by the true owner. As such, the value of the qualified possessory interest was highly speculative, and a loss thereof can hardly be considered “ substantial.”
Moreover, in thus holding the interest of the innocent purchaser of stolen property to be insurable, the courts are effectively expanding the liability exposure of insurance companies in this State. I submit that such is more properly a legislative function, which could be effected by a simple amendment of section 148 to include within its coverage the nonsubstantial interest of the innocent purchaser of stolen property.
Accordingly, the judgment below should be reversed.
Chief Judge Fuld and Judges Scileppi, Breitel, Jasen and Gibson concur with Judge Bergan ; Judge Burke dissents and votes to reverse in a separate opinion.
Order affirmed.