137 N.J. Super. 192 (1975)
348 A.2d 546
PHILIP FRIEDMAN AND ELAINE R. FRIEDMAN, HIS WIFE, PLAINTIFFS,
v.
ROYAL GLOBE INSURANCE COMPANIES AND NEWARK INSURANCE COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 14, 1975.
*193 Mr. Peter J. Schwartz for plaintiffs (Messrs. Schwartz and Schwartz, attorneys).
Mr. Henry H. Rubenson for defendants.
GREENBERG, J.S.C.
Plaintiffs Philip Friedman and Elaine R. Friedman, his wife, bring this action against the defendant insurance carriers seeking damages by reason of defendants refusing to compensate plaintiffs for theft of a motor vehicle insured by defendants. Defendants deny liability, asserting with respect to the vehicle that plaintiffs did not have legal ownership, had no insurable interest and had not obtained a proper certificate of title. Plaintiffs have now moved for summary judgment.
Plaintiff Philip Friedman purchased the motor vehicle in New York City in the Spring of 1972 from a private person, previously a stranger, who had become known to him from a newspaper advertisement listing the vehicle for sale. As a consequence of negotiations between Friedman *194 and the seller it was agreed that Friedman would purchase it for $6200, to be paid in cash. Subsequently, on or about June 15, 1972, the sale was completed with the seller delivering to Friedman the vehicle as well as a bill of sale and New York State registration certificate. The following day Friedman registered the car in New Jersey. Application was simultaneously made for a New Jersey certificate of title. In response to plaintiff's request their insurance agent immediately included the vehicle on their existing automobile policy with defendants. On August 10, 1972 the car was stolen while parked on a street in Brooklyn. After the theft plaintiffs were advised by the Division of Motor Vehicles of New Jersey that a New Jersey title certificate would not be issued as it was suspected that the New York registration had been fraudulent. The certificate has never been issued. But no person has ever come forward to claim that plaintiffs had unlawfully even in a civil way acquired his property.
Plaintiffs argue that under Savarese v. Hartford Fire Ins. Co., 99 N.J.L. 435 (E. & A. 1924), they are entitled to summary judgment. In Savarese a bona fide purchaser of a stolen vehicle was held entitled to recover on a theft policy when the vehicle was in turn stolen from him. The Court of Errors and Appeals held that the purchaser had good title against everyone except the rightful owner and consequently had an insurable interest in the vehicle. Plaintiffs argue that their position as owners of a vehicle with perhaps a fraudulent instrument in their chain of title should be no less favorable than the owner of the stolen vehicle in Savarese. But defendants, citing Norris v. Allstate Ins. Co., 34 N.J. 437 (1961); Merchants Indemnity Corp. v. Eggleston, 68 N.J. Super. 235 (App. Div. 1961), aff'd 37 N.J. 114 (1962); Eggerding v. Bicknell, 20 N.J. 106 (1955), and Velkers v. Glen Falls Ins. Co., 93 N.J. Super. 501 (Ch. Div. 1967), aff'd 98 N.J. Super. 166 (App. Div. 1967), urge that total compliance with the title certificate *195 requirements of N.J.S.A. 39:10-1 (hereinafter called "the act") is prerequisite to recovery and that since plaintiffs have never had the certificate of ownership required by N.J.S.A. 39:10-6 they are barred. Particular reference is made by defendants to the interpretation of Eggerding v. Bicknell, supra, by the court in Velkers v. Glens Falls Ins. Co., supra, as follows:
Eggerding is authority for the proposition that in order to effectively transfer title to a motor vehicle for insurance purposes, there must be strict compliance with the statutory directions. Whether or not an insured is the "owner" of a motor vehicle depends on whether the statutory prerequisites relating to the transfer of title have been satisfied. [93 N.J. Super. at 516]
Defendants further note that the policy by its terms applies only to a vehicle "ownership of which is acquired by the named insured during the policy period." It is contended that ownership contemplates a transfer to the insured in compliance with the act. Defendants further argue that the circumstances under which plaintiffs obtained the vehicle preclude the court from determining that there is no dispute of fact as to whether plaintiffs were bona fide purchasers of the vehicle.
Though the language of the opinions cited lends support to defendants' position with respect to strict enforcement of the act this court believes them distinguishable and not declaratory of the rule for this case. In Eggerding v. Bicknell, supra, the court held that a car dealer who had collected the full consideration for the sale of a car was still the owner so that its vendee, who had obtained possession of the car though not complying with the transfer provisions of the act, was protected by the dealer's liability insurance policy. Norris v. Allstate Ins. Co., supra, ruled that on the record presented a second automobile acquired by an insured qualified for automatic insurance coverage on an existing policy. In Merchants Indemnity Corp. v. Eggleston, supra, the Appellate Division held that a person in whose name a vehicle *196 was registered even though not paying the consideration could be considered the owner for insurance purposes so that the person paying the actual consideration and driving with the registered owner's consent would be covered by a policy listing the titled owner as owner. In Velkers v. Glens Falls Ins. Co., supra, the court held that a person who had traded in a car to a motor vehicle dealer remained the owner of the car pending compliance with the act. The effect of the decision was that the operator of the car, the son of the transferror, who borrowed it back from the dealer, had liability coverage from the transferror's carrier, Indemnity Insurance Company of North America, notwithstanding the valid disclaimer by the dealer's carrier, General Accident, Fire & Life Insurance Corporation, Ltd., for lack of notice. Additionally, the driver had obtained his own coverage from Glens Falls Insurance Company. That company was estopped from disclaiming by reason of its defense without a reservation of rights. Thus, the court determined the liability of two of the carriers on grounds independent on the ownership doctrine.
The common thread through these cases is that the courts look to record ownership when necessary to find coverage. Thus strict application of the act resulted in protection for the insured. But none of the opinions suggest that a policy issued to a person without a title perfected under the act would be voidable without more on a theory that the policy holder was not the owner. And this court on the record sees no reason to reach such a result. The Appellate Division in Merchants Indemnity Corp. v. Eggleston, supra, pointed out that the carrier is entitled to know the true owner in order to determine the nature of its risk for underwriting purposes. 68 N.J. Super. at 244-245. But such considerations are hardly supportive of the defendants' position here. Though they dealt with the plaintiffs as owners at all times, they now seek to exploit an immaterial title defect. The underwriting risks were in no way increased *197 by the existence of a possibly fraudulent New York title. There is no suggestion that some prior owner of the vehicle was using self-help in Brooklyn to recapture his chattel.
While the courts have strictly applied the act to sustain coverage, nevertheless the opposite approach has been taken when justified on the facts to reach such a result. In American Hardware Mutual Ins. Co. v. Muller, 98 N.J. Super. 119 (Ch. Div. 1967), aff'd 103 N.J. Super. 9 (App. Div. 1968), certif. denied 53 N.J. 85 (1968), the court held that a liability policy issued to a person other than the record owner under the act was valid when the evidence showed that the record registration was for convenience only but that the insured was the beneficial owner. Logically, if a person without even a color of record title may be regarded as an owner for insurance purposes, there is no reason necessarily to deny this status to a person with a defective title.
The basic consideration in a case involving protection of an interest not perfected under the act was, as plaintiff contends, foreshadowed in Savarese v. Hartford Fire Ins. Co., supra. There a good-faith plaintiff had possession of a stolen car insured under a theft policy providing for no coverage unless plaintiff held "unconditional and sole ownership." Yet the court decided the case on the traditional basis that plaintiff had title against the world except for the rightful owner. It relied on Norris v. Alliance Ins. Co., 1 N.J. Misc. 315, 123 A. 762 (Sup. Ct. 1923), a case involving facts quite similar to those here at bar. In Norris the court pointed out that no stranger challenged plaintiff's title. While it is true that Savarese predated L. 1931, c. 166, the source of the act, the policy foundation of that case remains fully valid. Indeed, the validity of the doctrine that a good-faith purchaser has title against the world except for the true owner was recently followed in Kutner Buick, Inc. v. Strelecki, 111 N.J. Super. 89 (Ch. Div. 1970), which declined to permit the State to seize two stolen automobiles from a *198 bona fide purchaser under an escheat theory pursuant to N.J.S.A. 39:5-47, but rather sustained the statute on a strict forfeiture basis. With respect to the escheat theory the court adhered to the Savarese rule that "a purchaser in good faith has the title and right to possession of stolen goods against all except the rightful owner." 111 N.J. Super. at 97. National Retailers Mutual Ins. Co. v. Gambino, 1 N.J. Super. 627 (Law Div. 1948), cited by defendants, is not to the contrary because there the claimant against the good faith purchaser was the assignee of the true owner.
Thus the final issue is whether the court on the record must say that plaintiffs are bona fide purchasers. Clearly a finding that the vehicle was stolen would be unwarranted. More than three years have passed since plaintiff acquired the vehicle. No "rightful" owner has been produced nor is there any evidence in fact that the vehicle was stolen. Plaintiff, when he purchased the vehicle, obtained a name and address from the seller, and though this has been supplied to defendants there is no evidence that they are fictitious. There is no evidence that the $6200 paid by plaintiffs was less than a reasonable consideration. Nor can the record support any finding that plaintiffs had any reason to believe that the title documents were other than complete and regular when they accepted delivery. Indeed, the only evidence in discovery with respect to the allegedly fraudulent New York title certificate is merely that the document was suspect. The conclusion of defendants that plaintiff was not a bona fide purchaser thus is unwarranted for the two reasons that the record cannot support a finding that the vehicle was stolen nor can it support a finding of bad faith on the part of plaintiffs. Consequently, a summary disposition that plaintiffs are bona fide purchasers is appropriate in this matter, for the "court is not precluded from adjudicating the legal consequences to be drawn from undisputed facts." See Miller v. U.S. Fidelity & Guaranty Co., 127 N.J. Super. 37, 41 (App. Div. 1974).
*199 Consequently, the motion for summary judgment is granted but only as to liability. Damages must be determined at trial.